SCHOOL DISTRICT NO. 46 OF DOUGLAS COUNTY V. SCHOOL DISTRICT NO. 53 OF DOUGLAS COUNTY.

FILED SEPTEMBER 16, 1896.   No. 6669.

1. New School Districts: DIVISION OF CORPORATE PROPERTY: SUPERIN-TENDENT. It is by section 9, subdivision 1, of our school law (Compiled Statutes, ch. 79) made the duty of the county superintendent of public instruction, upon the erection of a new school district formed in whole or in part from one or more districts possessed of school-houses or other property, to determine the amount due to such new district from the parent district or districts on account of such property, upon the basis, as nearly as practicable, of the taxable property in the respective districts at the time of the division.

2. ———: ———: ESTOPPEL. The duty in that regard is a continuing one, and the failure of the superintendent to take any action toward a division of the corporate property will not, in the absence of such long continued acquiescence as would work an estoppel against the new district, prevent the latter from asserting its rights with respect to such property.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.

The opinion contains a statement of the case.

7

*E. J. Cornish,* for plaintiff in error:

Whenever the legislature of a state, or any person to whom a legislature delegates its power, divides a school district, but does not in the act of division provide in terms for a division of the property and the payment of the debts, then and in that case the old district continues to own all the property within its territory and is liable for all the debts of the old district. (*Board of Education of Barker District v. Board of Education of Valley District,* 4 S. E. Rep. [W. Va.], 640; *City of Winona v. School District,* 40 Minn., 13; *Laramie County v. Albany County,* 92 U. S., 307; *Town of Mt. Pleasant v. Beckwith,* 100 U. S., 514; *Town of Dupere v. Town of Bellevue,* 31 Wis., 120; *Hampshire County v. Franklin County,* 16 Mass., 76; *Turnbull v. Board of Education of Alpena Township,* 45 Mich., 496; *North Yarmouth v. Skillings,* 45 Me., 133; *Widham v. Portland,* 4 Mass., 384; *Hartford Bridge Co. v. East Hartford,* 16 Conn., 149.)

When the county superintendent acts under a power delegated to him by the legislature his authority is at an end. He cannot afterwards review his action or change the decision he has made. The power to make such change, if it exists at all, exists only in the legislature. (*Bowdoinham v. Richmond,* 6 Greenl. [Me.], 112; *Hampshire County v. Franklin County,* 16 Mass., 76.)

References as to effect of acquiescence in the division of the school district: *School District v. School District,* 81 Mich., 339; *Metz v. Anderson,* 23 Ill., 463; *People v. Maynard,* 15 Mich., 470; *Stuart v. School District,* 30 Mich., 69; *Ratcliffe v. Faris,* 6 Neb., 539; *School District v. Estes,* 13 Neb., 52; *Rathbun v. McConnell,* 27 Neb., 239; *Harbach v. Miller,* 14 Neb., 9.

*Robert W. Patrick,* contra.

POST, C. J.

On the 8th day of March, 1888, James B. Bruner, as superintendent of public instruction for Douglas county,

by an order in due form made and entered of record, altered the boundaries of school district No. 46 of said county by detaching therefrom and adding to district No. 53, on that day organized, certain territory in said order particularly described. The basis of said order was a petition signed by the requisite number of voters, in order to confer upon the superintendent jurisdiction in such proceeding. It is shown that district No. 46 was, at the date of such change of boundary, free from debt and possessed of a school-house and site and $32.50 in money. No steps were taken at the time of the division for an apportionment of the property mentioned between said districts, nor was there any subsequent action to that end, except as hereafter stated. On the 17th day of November, 1889, there being in the treasury of district No. 46 the sum of $800, derived from the sale of the school-house above mentioned, Mr. Mathews, successor in office of Mr. Bruner as superintendent of public instruction, proceeded to apportion the said fund between the districts named by awarding to district No. 53 the sum of $557.27, and in favor of district No. 46 $242.73; the basis of such apportionment being the assessed valuation of the respective districts for the year 1888. District No. 46 having refused, after notice in due form of such apportionment, to pay the amount thereby awarded in favor of district No. 53 or otherwise recognize the validity of such proceeding, this action was brought by the district last named upon such award and prosecuted to judgment in its favor in the district court, and which judgment is now before us for review upon allegations of error.

The first contention upon this hearing is that the order altering the district bounds exhausted the jurisdiction of the superintendent over the subject, and that in the absence of an express provision therein on that subject the title of district No. 46, as the parent district, to the corporate property is not affected by such change. In support of that contention we are referred to numerous authorities, which unite in holding that in the absence of

express legislative provision governing the subject upon the separation from a town or other municipality of a portion of its territory by annexation to another, or in the creation of a new corporation, the first or parent corporation retains all of its property and franchises and continues liable for its obligations. We are, however, unable to perceive the application of that rule to the case at bar, in view of the plain provision of our statute. Section 9, subdivision 1, of the school law (Compiled Statutes, ch. 79) provides: "When a new district is formed in whole or in part from one or more districts possessed of a school-house or other property, the county superintendent, at the time of forming such new district, or as soon thereafter as may be, shall ascertain and determine the amount justly due to such new district from any district or districts out of which it may have been in whole or in part formed, which amount shall be ascertained and determined as nearly as practicable according to the relative value of the taxable property in the respective parts of such former district or districts at the time of such division, and the fact that such school-house or other property is not paid for shall not deprive such new district of its proportionate share of the value thereof; *Provided*, That such new district shall remain bound for such indebtedness to the same extent as though the new district had not been formed; unless in case of indebtedness not bonded the same shall be adjusted as hereinafter provided." The legislature has by the section here quoted declared the right of the respective districts, under like circumstances, in terms too plain for construction. The duty of the superintendent with respect to the property of the parent district is in such cases plainly enjoined by law, and that duty, we are constrained to hold, is a continuing one, unaffected by his failure to act within the time contemplated by statute. There may be, it is conceded, an acquiescence by a corporation, under the circumstances stated, for such a period as to estop it from claiming an interest in the corporate property, but such

a contention is without support in the issues or the proofs of this case.  There being no error in the record, the judgment of the district court should be

AFFIRMED.