ALFRED HAZLETT, RECEIVER OF THE AMERICAN BANK OF BEATRICE, NEBRASKA, v. ESTATE OF WILLIAM BLAKELY, DECEASED, ET AL.

FILED DECEMBER 16, 1903.    No. 13,165.

1. **Administrator: DISCHARGE.** An executor or administrator may resign or may be removed for cause, but a county court has no authority to discharge such officer from his trust, merely upon the settlement of what is called a final account.

2. ——: ——: TRUST. The trust of such officer is a continuing one, and his formal discharge, in a decree upon final accounting, does not destroy the relation, but merely discharges him from liability for the past.

3. **Contingent Claim.** A contingent claim does not become absolute, within the meaning of the decedent's act, until it becomes a claim proper to be presented to the county court for final adjudication as a claim against the estate.

ERROR to the district court for Gage county: CHARLES B. LETTON, JUDGE. *Reversed.*

*G. M. Johnson* and *Fulton Jack,* for plaintiff in error.

*N. K. Griggs, Samuel Rinaker* and *Robert S. Bibb, contra.*

ALBERT, C.

On the 8th day of April, 1901, Alfred Hazlett, as receiver of the American Bank of Beatrice, Nebraska, whom we shall hereafter call the plaintiff, filed a petition in the county court of Gage county against Cornelia D. Blakely, administratrix of the estate of William Blakely, deceased, and his heirs at law, whom we shall hereafter call the defendants, which, omitting the formal parts, is as follows:

"Comes now Alfred Hazlett, receiver of the American Bank of Beatrice, Nebraska, and represents and shows to the court that he is the duly appointed, qualified and acting receiver of the American Bank of Beatrice, Nebraska, a corporation organized under the laws of the state of Nebraska. That on or about January 2, 1898, the said

William Blakely died in Gage county, Nebraska, and was a resident of said county and state at the time of his death. That on the 4th day of February, 1898, Cornelia D. Blakely, widow of said William Blakely, was duly appointed as administratrix of said estate of William Blakely, deceased, and qualified as such and entered upon the duties of such appointment. That on the 28th day of August, 1898, the said Alfred Hazlett, as receiver of the American Bank of Beatrice, Nebraska, began an action in the district court for Gage county, Nebraska, against Danforth E. Ainsworth and others, stockholders of the American Bank of Beatrice, Nebraska, to enforce against the persons defendant in such action their liability, under the statutes and constitution of the state of Nebraska, as such stockholders of said bank. That the said Cornelia D. Blakely, administratrix of the estate of William Blakely, deceased, was made a party in such action, the said William Blakely having been a stockholder of said bank at the time the said bank became insolvent and also at the time of his death in, to wit, the amount of $1,000 in stock. That the said Cornelia D. Blakely as such administratrix of said estate was duly served with summons in said action, and appeared and defended in said action as administratrix of said estate. That afterwards, to wit, on the 13th day of April, 1900, judgment and decree were rendered in said action against the said Cornelia D. Blakely, as such administratrix, as follows:

"That said plaintiff recover of and from Cornelia D. Blakely, as administratrix of the estate of William Blakely, deceased, the sum of $1,000, but that no execution issue therefor, the said plaintiff being hereby authorized and instructed to proceed in the county court of Gage county, Nebraska, and take such other steps as may be necessary to enforce the collection of said amount from the said estate of said William Blakely, deceased, and his legal representatives. That the claim herein set forth and for which said decree and judgment were rendered was a contingent claim and of such a nature that the same could

not, in the first instance and prior to the rendition of said judgment and decree, be allowed or adjudicated by the county court of Gage county, Nebraska, for the reason that, under the laws of the state of Nebraska, it was necessary that an action to enforce the stockholders' liability in favor of all creditors be brought in the district court as an action in equity and against all stockholders within the jurisdiction of said court. That the said Cornelia D. Blakely, as administratrix of the estate of William Blakely, contested the action of the plaintiff in the said district court upon the ground, and for the reason, that the same had not been presented to and filed in the county court, within the time prescribed by order of said county court for presenting claims. And, upon the hearing of said cause in the said district court, the court held adversely to said contention of said administratrix and entered judgment and decree as aforesaid, and that the said liability then, on April 13, 1900, for the first time became absolute. And that after the said Cornelia D. Blakely had been served with summons in and had appeared in said action in the district court for Gage county, Nebraska, and knowing that said cause was pending and undetermined, and having full knowledge and notice of the existence of said claim and the liability of said estate therefor, she procured an order for the settlement of said estate and for the discharge of herself as administratrix. That the said decree and judgment, and liability of said estate thereon, have not been paid or satisfied, either in whole or in part. That at the time said action was commenced against said Cornelia D. Blakely, the estate of said William Blakely, deceased, was solvent, and she had in her hands and possession sufficient property to pay said claim, and that her said discharge as administratrix was procured without any notice to plaintiff, or knowledge thereof on plaintiff's part, until said settlement and discharge had been procured. This claimant therefore prays that this his claim be allowed in the sum of $1,000 and interest at 7 per cent. per annum from April 13, 1900, that the order closing said

estate and discharging said administratrix be set aside, and that the order of distribution of said estate be vacated, and that the said Cornelia D. Blakely be required, by notice served upon her, to appear and answer this application, and that she be required to pay said claim of this petitioner, and for such other and further relief as may be proper in the premises."

Among the written objections interposed by the defendants to the granting of the prayer of the petition are the following:

"1. Because the said estate of the said William Blakely, deceased, has been fully administered upon and settled within the time and in the manner provided by law, and a final order and decree of distribution has been made therein dividing and distributing said estate, and the administratrix of said estate has been discharged and said estate fully closed up, upon the 9th day of November, 1898.

"2. Because the time limiting the filing of claims against said estate expired upon the 3d day of August, 1898, as per the order of the probate court of Gage county, Nebraska, made upon the 4th day of February, 1898, and more than two years and eight months have elapsed since the time for filing claims against said estate expired."

Upon a hearing had in the county court, the relief asked by the plaintiff was denied and the proceedings dismissed. The plaintiff then prosecuted an appeal to the district court, where the cause was submitted on the same record. The parties stipulated that the facts stated in the petition, as well as those included in the objections filed, were true. The only evidence offered was an order of the district court showing the plaintiff's authority as receiver to institute proceedings of this character. The district court found in favor of the defendants, and gave judgment accordingly. The plaintiff brings the case here for review.

It will be observed that a portion of the relief sought by the plaintiff was the vacation of a decree of final settlement and an order discharging the administratrix. But we do not think such relief is essential to the ultimate

relief sought, namely, the examination and allowance of the claim against the estate. The law appears to be that the formal discharge contained in the decree on final accounting applies only as to the accounts of the parties up to that period. The trust of an administrator or executor is a continuing one, and a decree of final accounting does not destroy the relation of such officer, but only discharges him from liability for the past. 2 Woerner, American Law of Administration (2d ed.), sec. 571. In *Diversey v. Johnson*, 93 Ill. 547, cited by the author above, the former decisions of that state on this point are reviewed. In referring to one of these decisions the court say:

"In *Cutright v. Stanford*, 81 Ill. 240, the claim was presented and allowed in the probate court after two years from the grant of administration, and after the administrator had distributed the residue in his hands to the heirs, and his final report had been approved by the court and he finally discharged from all duties and liabilities on account of his said administration, and yet the claim was held to be a valid one against the estate."

In *Weyer v. Watt*, 48 Ohio St. 545, it appears that the executor had made what he called a final accounting, upon which the probate court made an order, that the account be made final, and the executor discharged from his trust. The court said:

"The only further inquiry, then, is whether the plaintiff, at the commencement of the action, had ceased to be executor; and that depends entirely upon the legal effect of the order of the probate court discharging him from the trust. Under our legislation, as we have already seen, an executor or administrator may be removed by the probate court, for cause, or he may resign his trust, with the consent of the court. But we find no power conferred upon that court to discharge an executor or administrator from his trust, upon the settlement of what is called a final account, and thus extinguish his authority as trustee."

Our statute in respect to the discharge of an executor or administrator is substantially the same as that construed

by the court in the case cited. It follows, therefore, that decree of final settlement, and the discharge of the administratrix, is, of itself, no obstacle to the presentation and allowance of the plaintiff's claim.

This brings us to the principal question in the case, namely, whether the claim is barred by the provisions of the decedent's act in respect to the time allowed for filing claims against an estate. The claim falls within the definition of a contingent claim, given in *Stichter v. Cox,* 52 Neb. 532. In 1901, section 226 of that act (ch. 23, Compiled Statutes; Annotated Statutes, 5091), limiting the time for the presentation of claims proper to be allowed by the county court, to the executor or administrator, within the time limited by the court for that purpose, was amended to include contingent claims. The amendment was passed without an emergency clause, and did not take effect until after these proceedings were instituted; hence it may be disregarded in the further consideration of this case.

The act, so far as relates to contingent claims, and as it stood when these proceedings were begun, is as follows:

(Sec. 258.) "If any person shall be liable as security for the deceased, or have any other contingent claim against his estate, which can not be proved as a debt before the commissioners, or allowed by them, the same may be presented, with the proper proof, to the probate court or to the commissioners, who shall state the same in their report, if such claim was presented to them.

(Sec. 259.) "If the court shall be satisfied, from the report of the commissioners, or by the proof exhibited, said court may order the executor or administrator to retain in his hands sufficient to pay such contingent claim, when the same shall become absolute; or, if the estate shall be insolvent, sufficient to pay a proportion equal to the dividends of other creditors.

(Sec. 260.) "If such contingent claim shall become absolute, and shall be presented to the probate court, or to the executor or administrator, at any time within two

years from the time limited for other creditors to present their claims to the commissioners, it may be allowed by the probate court upon due proof, or it may be proved before the commissioners already appointed or before others to be appointed for that purpose, in the same manner as if presented for allowance before the commissioners had made their report; and the persons interested shall have the same right of appeal as in other cases. ·

(Sec. 261.)  "If such contingent claim shall be allowed, as mentioned in the preceding section, or established on appeal, the creditors shall be entitled to receive payment to the same extent as other creditors, if the estate retained by the executor or administrator shall be sufficient for that purpose; but if the claim shall not be finally established, as provided in the preceding section, or if the assets retained in the hands of the executor or administrator shall not be wholly exhausted in payment of such claim, such assets, or the residue of them, shall be disposed of, by order of the probate court, to the persons entitled to the same according to law.

(Sec. 262.)  "If the claim of any person shall accrue or become absolute at any time after the time limited for creditors to present their claims, the person having such claim may present it to the probate court, and prove the same at any time within one year after it shall accrue or become absolute; and if established in the manner provided in this subdisivion, the executor or administrator shall be required to pay it, if he shall have sufficient assets for that purpose, and shall be required to pay such part as he shall have assets to pay, and if real or personal estate shall afterwards come to his possession, he shall be required to pay such claim, or such part as he may have assets sufficient to pay, not exceeding the proportion of the other creditors, in such time as the probate court may prescribe.

(Sec. 263.)  "When a claim shall be presented within one year from the time when it shall accrue and be established, as mentioned in the preceding section, and the ex-

ecutor or administrator shall not have sufficient to pay the whole of such claim, the creditor shall have the right to recover such part of his claim as the executor or administrator has not assets to pay, against the heirs, devisees, or legatees, who shall have received sufficient real or personal property from the estate."

The first four sections provide a remedy whereby the holder of a contingent claim may place himself on terms of approximate equality with the holders of absolute claims. There can be no doubt that such remedy was open to the plaintiff in this case, had he seen fit to invoke it. Had he done so, the limitation fixed by section 260, which applies exclusively to claims in respect to which such remedy is invoked, would have been the test in the present case. Not having availed himself of that remedy, the provisions of the first four sections have no application, and the plaintiff's rights must be measured by section 262, which limits the time for filing contingent claims to one year from the date it becomes absolute.

This brings us down to the single question: Was the claim filed in the county court within one year from the date it became absolute?

The defendants contend that the claim became absolute on the 27th day of June, 1898, when all the assets of the bank were exhausted, and the order was made by the district court directing the plaintiff as receiver to bring suit against the stockholders. To sustain this contention, we should be obliged to give a different meaning to the terms absolute and contingent than that which, from an examination of the entire act, we are satisfied the legislature intended to convey. Section 214 provides that it shall be the duty of the county judge to receive, examine, adjust and allow all claims and demands of all persons against the deceased. In *Huebener v. Sesseman*, 38 Neb. 78, it was held, that an executor or administrator has no authority to pay a claim until it has been allowed by the county judge. It is manifest, therefore, that the act contemplates that all claims shall be passed upon and allowed by the county

judge; under our practice the orderly administration of an estate and an equitable distribution of the assets would be hardly possible otherwise.

But while the act contemplates that all claims shall be allowed by the county judge, it also contemplates that certain claims may be presented in the first instance in some other court, because section 227, impliedly authorizes actions to be brought against an executor or administrator, as such, for the recovery of real or personal property, and for relief other than for the recovery of money only, etc. The claim in this case was the liability of a stockholder of an insolvent bank. It was, in the first instance, exclusively within the jurisdiction of the district court. *German Nat. Bank v. Farmers & Merchants Bank*, 54 Neb. 593, and did not become a claim "proper to be allowed by the county judge," until it had passed to judgment. There can be no doubt, as already intimated, that it might have been filed as a contingent claim against the estate at any time before judgment. But had it been thus filed, the county judge would have had no authority to pass upon it finally before the rendition of judgment in the district court. Until that was done, the claim was not absolute or certain, but dependent upon an event which might or might not happen, namely, judgment against the administratrix in the district court. In other words, the claim did not become absolute until judgment had been rendered thereon in the district court. We think this is in harmony with the definition of a contingent claim in *Stichter v. Cox*, *supra*.

As we have seen, section 262 provides that a claim, which becomes absolute at any time after the time limited for creditors to present their claims, may be presented and proved in the probate court, at any time within one year after it becomes absolute. This claim became absolute after the time limited for creditors to present their claims, and was presented to the probate court within one year after it became absolute within the meaning of the statute, and was not, therefore, barred.

It follows that the judgment of the district court is erroneous, and we recommend that it be reversed and the cause remanded for further proceedings according to law.

BARNES and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.