R. O. BROWNELL, RECEIVER OF THE FIRST BANK OF NICKER-
SON, APPELLANT, V. W. A. ANDERSON ET AL., APPELLEES.

FILED NOVEMBER 23, 1928. No. 26270.

*Dolezal, Spear & Mapes, C. M. Skiles* and *Ira D. Beynon,*
for appellant.

*Courtright, Sidner, Lee & Gunderson, contra.*

Heard before GOSS, C. J., DEAN, THOMPSON, EBERLY and
HOWELL, JJ., and CHASE and REDICK, District Judges.

THOMPSON, J.

This action was instituted by appellant, the receiver of
the First Bank of Nickerson, against the appellees by way
of a petition in equity, in due and usual form in such cases,
to enforce the double liability of appellees as stockholders
of the above insolvent bank under sections 4 and 7, art.
XII of the Constitution of this state.    At the trial the ap-

pellee, Seymour S. Sidner, as executor of the estate of John Sidner, deceased, filed a special appearance which challenged the jurisdiction of the district court over him, as well as over the subject-matter. The court sustained the challenge and dismissed the action, to reverse which the receiver appeals and presents as reasons for such reversal, in substance, that, under the facts shown by the record and the law applicable thereto, the special appearance should have been overruled and appellant permitted to proceed with his action to final judgment.

The facts material for our consideration, as shown by the record, are: The First Bank of Nickerson is one organized under the laws of this state for commercial banking business at Nickerson, in Dodge county. The appellees, defendants, with others were and are stockholders in the bank, one of whom, as above indicated, was John Sidner, who died testate a resident of Dodge county on August 15, 1923. On September 10, 1923, in the county court of such county, the will was admitted to probate, and Seymour S. Sidner, appointed executor, who qualified and entered upon the discharge of his duties, and has been ever since so acting. On July 10, 1924, the bank was, by the district court for Dodge county, adjudged insolvent and Emil Folda appointed receiver, who subsequently resigned and R. O. Brownell, the appellant, was appointed his successor. On August 29, 1924, the receiver filed in the county court, in the matter of the estate of John Sidner, a contingent claim, in substance, as follows: That he, as receiver of the above named bank, was then engaged in ascertaining and assembling the assets and liabilities thereof; that such John Sidner at the time of his death was the owner of 20 shares of the capital stock of the bank of the par value of $100 a share; that on January 11, 1924, the county court, in the course of administering the Sidner estate, entered an order barring claims, which, however, was about six months prior to the appointment of Folda as receiver; that on August 22, 1924, the executor of such estate filed his first report and petition for discharge,

which was set for hearing September 15, 1924, all as shown by the record of such county court; that on information and belief claimant states there will be a liability by reason of such stock subscription and ownership against the Sidner estate which is not now ascertainable, but which may reach the sum of $2,000 when fully accrued; and then prayed "that final discharge of said executor be deferred until the receiver's claim is ascertained, or that he be directed by the court to retain from distribution sufficient of the assets of said estate to pay this claim when ascertained and proved, and for such other and further relief as may be appropriate in the premises." This record further shows that every condition precedent necessary to the bringing of this action has been had, and, as hereinbefore indicated, such conditions in usual form are set forth in appellant's petition.

On the record as hereinbefore disclosed, appellee contends that on the probate of the will, the qualification of the executor, and the filing of the contingent claim by the receiver, the county court became vested with exclusive jurisdiction of the matters involved herein. Then, as to appellant's challenges to the judgment of the trial court, appellee asserts: "(1) This is an action for a money judgment only, so far as this appellee is concerned. (2) The district court has no jurisdiction over the executor in this action." In our opinion, these contentions of appellee were approved and followed by the trial court. Appellee relies on section 1374, Comp. St. 1922, and our holdings in *Burke v. Scheer,* 89 Neb. 80; *Dickinson v. Kline,* 96 Neb. 435; *Drainage District v. O'Neill,* 109 Neb. 552; and *Hill v. May,* 115 Neb. 690. Section 1374 of our statutes provides: "No action shall be commenced against the executor or administrator except actions to recover the possession of real or personal property, and actions for relief other than for the recovery of money only, and such actions as are permitted in this chapter; nor shall any attachment or execution be issued against the estate of the deceased until the expiration of the time limited by the court for the pay-

ment of the debts, except in the action mentioned in this chapter."

Thus, the question is: Is the action in the district court, under this record, one for the recovery of money only? That part of the opinion in *Drainage District v. O'Neill, supra,* material here is: "A demurrer for misjoinder of causes of action is properly sustained where the suit is brought on four distinct bonds, signed by different sureties and where several judgments are prayed"—purely a law action. In the recent case of *Rogers v. Selleck, ante,* p. 569, involving the liability of stockholders in insolvent state banks, wherein our previous holdings on this subject were reviewed, we held: "The remedy for the enforcement of the entire double liability imposed by the Constitution upon stockholders of a state bank in the event of insolvency is a suit in equity by a creditor for the benefit of all the creditors, or by the receiver, against all the stockholders. Dicta to the contrary in *Burke v. Scheer,* 89 Neb. 80, and in *Dickinson v. Kline,* 96 Neb. 435, disapproved." Further, in the course of the opinion in the *Rogers* case, we distinguished the case of *Hill v. May, supra,* and in so doing stated: "The controlling question therein decided is not involved in the present inquiry. The opinion properly holds that a suit on a promissory note given by a stockholder for an assessment of stock to restore the reserve or the solvency of a bank was an action at law."

Hence, we conclude that this action is not one for the recovery of money only, does not come within the prohibitions contained in the above quoted section 1374, and is not controlled by our holdings in *Burke v. Scheer, Dickinson v. Kline, Drainage District v. O'Neill,* and *Hill v. May, supra.*

This leaves for our consideration the effect of the receiver's filing with the county court the contingent claim referred to herein. The record shows it to have been lodged at the earliest opportunity. It was necessary to a fair distribution of the assets that the probate court have the information it afforded, and that such court grant the relief prayed. The Constitution, so far as involved, clothed

the district court, under our decisions, with authority to administer the trust imposed by its taking charge of the assets of such insolvent bank. Until it had acted and finally determined that a stock liability existed, and the extent thereof, neither the receiver nor the county court could proceed in any other or different manner than that pursued by the receiver in these respective courts. The course followed by the receiver is in harmony with section 1359, Comp. St. 1922, which reads as follows: "If any person shall be liable as security for the deceased, or have any other contingent claim against his estate which cannot be proved as a debt, the same may be presented, with the proper proof, to the county court, which, if satisfied that such claim is a legal demand against said estate, may order the executor or administrator to retain in his hands sufficient to pay such contingent claim, when the same shall become absolute, or if the estate shall be insolvent, sufficient to pay a proportion equal to the dividends of other creditors."

The filing of the contingent claim in the county court did not vest such court with exclusive jurisdiction over the claim, nor was the district court, by reason thereof, deprived of its right to proceed to a final determination of the cause of action presented by the receiver's petition against the executor, as well as the other defendants named.

Therefore, the trial court erred in holding that it was without jurisdiction, and in entering judgment dismissing the suit.

Our conclusions herein find support in *Hazlett v. Blakely*, 70 Neb. 613, 621.

The judgment of the district court is reversed and the cause remanded, with directions to proceed in harmony with this opinion.

REVERSED.