GEORGE I. PARKER, RECEIVER, APPELLEE, V. LOUIS W. LUEHR-
MANN, ADMINISTRATOR, ET AL., APPELLANTS.

FILED JANUARY 26, 1934.    No. 28731.

(1)

A. R. *Oleson,* for appellants.

F. C. *Radke, Barlow Nye* and *Fred S. Berry, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CHAP-
PELL and LANDIS, District Judges.

CHAPPELL, District Judge.

This is a suit in equity brought by the receiver of the
Farmers State Bank of Altona, Nebraska, in the district
court for Cuming county, Nebraska, for the benefit of the
unpaid creditors of the bank, to recover from appellants
and other stockholders the constitutional liability imposed
upon them. The only appellants are Louis W. Luehr-
mann, administrator of the estate of Herman Luehrmann,
deceased, Louis W. Luehrmann, Louise Kohlmoos and
Emma Luehrmann, his heirs at law.

There is no dispute in the evidence. The questions are
those of law applicable to admitted facts, which are that
Herman Luehrmann departed this life intestate February
6, 1928. His estate was duly administered in Cuming
county, Nebraska, and final decree entered therein De-
cember 5, 1928, assigning the real estate and personal
property to the above heirs. The personal property was
distributed to them and individual vouchers or releases
describing the personal property received by each were
given, and the administrator was discharged on Decem-
ber 24, 1928. The value of the property received by the
heirs at law from the estate exceeds in value the amount
of the stockholders' liability sued for in this action. The
appellants, however, refused to accept the ten shares of
bank stock which were listed in the inventory of the ad-
ministrator. Five shares of this stock were issued to de-
ceased as stock dividends but never delivered to him.
However, dividends thereon were allowed and received by
the deceased during his lifetime, the bank retaining the
stock certificates in its possession. This stock was never
transferred. All indebtedness of the bank was created
and accrued while Herman Luehrmann, deceased, was
the owner and holder of such stock.

On January 18, 1929, the bank was closed, and a re-
ceiver was appointed by the district court for Wayne

county, Nebraska, wherein the bank was located. On June 15, 1929, after the assets were liquidated and exhausted, a decree of deficiency for more than the capital stock of the bank was entered by the receivership court. This decree provided that all such unpaid indebtedness was created and accrued while Herman Luehrmann, deceased, among others, was the owner and holder of ten shares of the capital stock of the bank of the par value of $100, and that an assessment against the capital stock of the bank and the respective owners and holders thereof was necessary, and that each was respectively liable for an amount equal to the par value of the capital stock of the bank owned by them, and George I. Parker, as receiver of the bank, was thereby authorized and empowered to proceed to collect and to enforce all unpaid stockholders' liability and to bring and maintain such action or actions in court as, in his judgment, were proper and advisable to enforce payment of such liability.

On June 12, 1930, a contingent claim was filed against the estate of Herman Luehrmann, deceased, in the county court of Cuming county, Nebraska, setting forth, in effect, that this action had been filed, but not yet tried or determined, and that the claim against the estate of Herman Luehrmann, deceased, had not yet been determined and was not absolute.

The decree of the district court, in so far as it is of importance here, provides: "Wherefore, it is ordered, considered, adjudged and decreed that the plaintiff have and recover from the estate of Herman Luehrmann, deceased, the sum of $1,000 with interest thereon at 7 per cent. per annum from February 5, 1928, the date of the commencement of this action, and that the same be and hereby is established as a lien upon the personal property of said estate distributed to his said heirs at law and upon the said real estate of which said deceased died seised, so assigned and distributed to them, to wit, the southeast quarter (SE¼) of section five (5), and the southeast quarter (SE¼) of section seven (7), all in

township twenty-four (24), range four (4), east of the 6th p. m., in Cuming county, Nebraska."

Appellants contend that the county court of Cuming county, Nebraska, had exclusive jurisdiction to allow claims against the estate of the deceased stockholder, and that the district court had no jurisdiction to enter a judgment or decree; that the decree of the district court for Wayne county, Nebraska, dated June 15, 1929, ascertained the liabilities against its stockholders, and that the determination of the stockholders' liability therein then became absolute for presentation, hearing and determination in the county court; that the appointment of a receiver by that court and its decree of June 15, 1929, vested jurisdiction in the district court for Wayne county, Nebraska, only, and the receiver could not then maintain an action to enforce liability against stockholders in any other court or county; that the court erred in not rendering a judgment of dismissal in favor of appellants, and that the decree is not supported by the evidence.

It is true that section 16, art. V of the Constitution, provides: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and in such proceedings to find and determine heirship; * * * and such other jurisdiction as may be given by general law." Section 27-503, Comp. St. 1929, provides: "The county court shall have exclusive jurisdiction of the probate of wills, the administration of estates of deceased persons." Section 27-504, Comp. St. 1929, provides: "The county court shall have power: First. To hear and determine claims and set-offs in the matter of estates of deceased persons." Section 30-601, Comp. St. 1929, provides: "When letters testamentary or of administration, or of special administration shall be granted by any court of probate, or during any appeal from such order, it shall be the duty of the judge of the court to receive, examine, adjust and allow all lawful claims and demands of all persons against the deceased." Section 30-801, Comp. St.

1929, provides: "No action shall be commenced against the executor or administrator except actions to recover the possession of real or personal property, and actions for relief other than for the recovery of money only."

This is not an action for the recovery of money only, and is not prohibited by section 30-801, Comp. St. 1929. While the law contemplates that all claims shall be allowed by the county court, it also contemplates that certain claims may be presented, in the first instance, in some other court. The receiver had a right, and it was his duty, to proceed in the district court by a suit in equity, such as this, against all the stockholders jointly to determine the liabilty of the estate of the deceased stockholder and other stockholders and establish a trust fund for the benefit of creditors. *Brownell v. Anderson,* 117 Neb. 652; *Brinkworth v. Hazlett,* 64 Neb. 592; *Hazlett v. Estate of Blakely,* 70 Neb. 613; *Brownell v. Adams,* 121 Neb. 304; *In re Estate of Bolton,* 121 Neb. 737; 2 Woerner, American Law of Administration (3d ed.) 1248; 11 R. C. L. 84, sec. 326; 7 R. C. L. 399, sec. 386.

The fact that the estate had been administered, final decree entered, and the property assigned and distributed to the heirs at law, and the administrator discharged, did not bar or defeat this action against the administrator of the estate. The trust of an administrator is an enduring one, and the decree upon final accounting only discharges him from liability for the past. *Brinkworth v. Hazlett, supra; Hazlett v. Estate of Blakely, supra; Brownell v. Adams, supra; In re Estate of Bolton, supra;* 2 Woerner, American Law of Administration (2d ed.) 1373, sec. 571.

The claim for stockholders' liability was contingent. *Stichter v. Cox,* 52 Neb. 532; 2 Woerner, American Law of Administration (3d ed.) 1275, sec. 394; *In re Estate of Bolton, supra;* Dame, Probate and Administration (3d ed.) 425, sec. 415; 24 C. J. 293; *In re Estate of Golden,* 120 Neb. 233; *In re Estate of Ayres,* 123 Neb. 453; 11 R. C. L. 205, sec. 229. The county court, even though

a contingent claim was filed, had no authority to pass upon it until the claim was made absolute against the estate by the decree of the district court. "A contingent claim does not become absolute, within the meaning of the decedent's act, until it becomes a claim proper to be presented to the county court for final adjudication as a claim against the estate." *Hazlett v. Estate of Blakely, supra.* The purpose of this action was, if possible, to place the holder of such claim on terms of approximate equality with holders of absolute claims. It could not become a claim proper to be allowed by the county court until it had passed to judgment in this action. That was the object and purpose of this action, and it could have been accomplished in no other manner. This is not an original proceeding to allow claims against the estate or to order the payment of such claims out of funds in the hands of the administrator. This is a proceeding to make a contingent claim absolute for presentation to the county court for allowance. *Craig v. Anderson,* 3 Neb. (Unof.) 638, relied upon by appellants, is not in point. See Comp. St. 1929, secs. 30-701 to 30-708; *Hazlett v. Estate of Blakely, supra; Brinkworth v. Hazlett, supra; Brownell v. Anderson, supra; Brownell v. Adams, supra; In re Estate of Bolton, supra.*

The decree of deficiency entered in the receivership court on June 15, 1929, judicially determined that the assets of the bank had been exhausted, the amount of the deficit, and the necessity for a stockholders' assessment. It authorized and empowered the receiver to bring the action involved here and enforce and collect the liability. Under the law, this action could not be brought until the deficit was so ascertained and judicially determined. Such decree of deficiency did not judicially determine liability against the deceased stockholder or make absolute any claim against his estate. That could be accomplished only by this action. Sections 4 and 7, art. XII of the Constitution, must be construed together, and, as such, are self-operating and self-executing. All the assets must be first

exhausted and such fact judicially determined before suit can be brought against the stockholders to judicially determine their liability. In other words, a stockholder's liability could not be established by a decree of deficiency, and this claim could become absolute only by a decree entered in this action. *Farmers Loan & Trust Co. v. Funk*, 49 Neb. 353; *State v. German Savings Bank*, 50 Neb. 734; *Hastings v. Barnd*, 55 Neb. 93; *German Nat. Bank v. Farmers & Merchants Bank*, 54 Neb. 593; *State v. Farmers State Bank*, 113 Neb. 497; *Rogers v. Selleck*, 117 Neb. 569; *State v. Citizens State Bank*, 118 Neb. 337; *Bodie v. Pollock*, 110 Neb. 844; *Dempster v. Williams*, 118 Neb. 776; *State v. Thurston State Bank*, 125 Neb. 120.

The appointment of the receiver and the decree of June 15, 1929, by the district court for Wayne county, Nebraska, did not vest exclusive jurisdiction in that court except in the matter of insolvency and receivership proceedings. Comp. St. 1929, secs. 8-190, 8-191. This is a separate and distinct action in equity, authorized by the receivership court, which could be brought by the receiver against all the stockholders jointly in the district court of any county where one or more of them resides or is present in the county at the time of the commencement of the action and served therein as provided by law. The defendants in this action all lived in Cuming county, Nebraska, where the suit was brought, and there is no dispute that they were all properly served with summons in that county. Comp. St. 1929, sec. 20-409; *Brownell v. Adams, supra.* This liability is contractual in nature, and to hold otherwise would make it practically impossible for the receiver to ever bring suit where all the stockholders lived in a county other than that in which the receivership court was located. We deem it expedient, however, to bring such actions in the district court for the county where the receivership court is located if service of summons can be had upon one or more stockholders in that county.

The suggestion by appellants that the order of deficiency of June 15, 1929, was not binding upon the stock-

holders, we believe was not an issue in the lower court. In any event, the bank was properly in court and the receivership court had full jurisdiction over it and its affairs. The order was binding upon the banking corporation and, therefore, binding upon all its stockholders. *Hawkins v. Glenn,* 131 U. S. 319; *Brownell v. Adams, supra; Commonwealth Mutual Fire Ins. Co. v. Hayden,* 60 Neb. 636; *Bernheimer v. Converse,* 206 U. S. 516; 6 Thompson, Corporations (3d ed.) 878-885, secs. 4981-4986.

The decree of the trial court entered no judgment against the heirs at law; neither did it dismiss them out of the action. It is stipulated in the evidence that all of the indebtedness of the bank was created and accrued while Herman Luehrmann, deceased, was the owner and holder of the stock, and that the heirs at law received the same only through the probate proceedings. While there is eminent authority for the proposition that they may and should be made parties in such a proceeding as this without the necessity of resort to a remedy in the county court, all such cases that we have been able to find have been in jurisdictions where the constitutional and statutory provisions have no similarity to ours or under the equity jurisdiction of the federal courts. Under former decisions of this court, supported by equally as eminent authority, the heirs at law, Louis W. Luehrmann, Emma Luehrmann and Louise Kohlmoos, cannot be held liable in this action. They should have been dismissed at plaintiff's costs. After the claim is made absolute by this action against the administrator, such claim must be filed in the county court within one year and, after allowed and established there, the heirs at law must be pursued in a special proceeding as provided by sections 30-701 to 30-708, Comp. St. 1929.

"The 'claim,' which can furnish the basis for an action to compel a devisee to return a portion of estate assigned to him by proper probate proceedings, must be one allowed in the probate court, or 'established' by proper legal proceedings elsewhere, as a liability of the estate

involved." *Brinkworth v. Hazlett, supra.* "An action against heirs * * * to recover real or personal estate which has been received by them as distributees of any estate which is liable for any debts under the" provisions of the statute with reference to contingent claims "is not an original action, but a special proceeding for the enforcement and collection of a claim allowed or established in the county court." *Horst v. McCormick Harvester Machine Co.,* 30 Neb. 558. See Comp. St. 1929, secs. 30-701 to 30-708; *Brinkworth v. Hazlett, supra; Hazlett v. Estate of Blakely, supra; Brownell v. Anderson, supra; Brownell v. Adams, supra; In re Estate of Bolton, supra;* 3 Woerner, American Law of Administration (3d ed.) 1968, sec. 574, and 1975, sec. 577; 2 Woerner, American Law of Administration (3d ed.) 1267, sec. 392; 1 C. J. 988, 991, 1010; *Stevenson v. Valentine,* 38 Neb. 902; *Craig v. Anderson, supra;* 1 Woerner, American Law of Administration (3d ed.) 534, sec. 156.

The decree of the district court provides that plaintiff, appellee herein, have and recover from the estate of Herman Luehrmann, deceased, the sum of $1,000 with interest at 7 per cent. from February 5, 1928, the date of the commencement of this action. The record discloses that this action was commenced on March 14, 1930. The decree, in form, is against the estate of the deceased instead of against his personal representative, as such. Such decree is irregular, but not erroneous. 24 C. J. 877. The decree of the district court should have been against Louis W. Luehrmann, administrator of the estate of Herman Luehrmann, deceased, for the sum of $1,000 with interest at 7 per cent. from March 14, 1930, the date of the commencement of this action. No complaint is made in brief of counsel that the court granted a lien as provided in the decree, and we will not discuss that matter.

The undisputed evidence establishes that the estate of Herman Luehrmann, deceased, is liable for the stock liability imposed by the Constitution.

The judgment of the district court is affirmed, except that it shall be against Louis W. Luehrmann, administrator of the estate of Herman Luehrmann, deceased, for $1,000 with interest at 7 per cent. from March 14, 1930, the date of the commencement of this action, and that Louis W. Luehrmann, Emma Luehrmann and Louise Kohlmoos, heirs at law, shall be dismissed at plaintiff's costs. The cause is remanded for further proceedings to conform to this opinion.

AFFIRMED IN PART, AND REVERSED IN PART.