E. H. LUIKART, RECEIVER, APPELLANT, V. RAY F. QUINN,
ADMINISTRATOR, ET AL., APPELLEES.

295 N. W. 890

FILED JANUARY 17, 1941. No. 30912.

*F. C. Radke* and *Leon L. Hines,* for appellant.

*Victor Westermark, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE and
MESSMORE, JJ., and HASTINGS and KROGER, District Judges.

ROSE, J.

This is a proceeding by E. H. Luikart, receiver of the
insolvent Citizens State Bank of Benkelman, Dundy coun-
ty, Nebraska, to enforce a 2,500-dollar claim in favor of
its creditors against the estate of Milton Earl, deceased,
for a stockholder's liability on 25 shares of capital stock
of the par value of $100 a share, held by him at the time of
his death—a liability created by section 7, art. XII of the
Constitution. Earl died intestate and his heirs at law and
the administrator of his estate objected to the allowance
of the claim on the ground that more than two years
elapsed between Earl's decease and the appointment of the
administrator, thus barring the claim under the two-year
statute of limitations. Comp. St. 1929, sec. 30-609. On ap-
peal from the county court's disallowance of the claim, the
district court also disallowed it and the receiver appealed
to the supreme court.

Is the claim barred by statute? Following is a chronology
of events disclosed by the record: June 11, 1929, Earl was
owner of 25 shares of stock and the bank was adjudged in-
solvent in hands of receiver; June 4, 1930, Earl died in-

testate owning the 25 shares of stock; May 28, 1935, judicial order of liquidation with debts of $236,956.51 in excess of assets; April 29, 1937, receiver first petitioned county court of Dundy county for appointment of an administrator of the Earl estate; May 26, 1937, Ray F. Quinn appointed and qualified as administrator and ordered to notify creditors of Earl to file their claims within four months, or by September 26, 1937, and compliance with order for notice; August 2, 1937, receiver filed in the county court against the Earl estate a 2,500-dollar claim for the stockholder's liability to creditors, reduced to $2,396.57 by dividends of $103.43 on the stock; May 13, 1938, action by the receiver in the district court for Dundy county to recover the amount of the claim; December 16, 1938, judgment in the district court for Dundy county in favor of receiver and against Quinn as administrator for $2,430.91; January 4, 1939, amended claim for the amount of the judgment, less a credit of $34.34 in dividends, filed by the receiver in the county court, leaving unpaid $2,396.57; March 28, 1939, amended claim disallowed by county court; September 9, 1939, amended claim against Earl estate disallowed by district court. The foregoing facts were established without dispute or stipulated by the parties. After an elaborate argument counsel for the receiver summarized his case as follows:

"The undisputed facts of this case show that the bank went into receivership on June 11, 1929. Milton Earl died on June 4, 1930. There was no administration of the estate by his heirs or his then existing creditors. The bank was liquidated and the deficiency was determined on May 28, 1935. The receiver's claim was and remained contingent. The receiver petitioned for administration of the Earl estate on April 29, 1937, so that the estate by its administrator could be sued as a stockholder. The stockholders were sued on May 13, 1938, and on December 16, 1938, judgment was recovered against the estate. The receiver's claim by that judgment became absolute, and capable of being exhibited to the county court for allowance. The re-

ceiver filed a contingent claim within the time fixed. He filed his absolute claim within three weeks after it became absolute."

The position of the receiver is that his claim, being contingent, was not presentable to the county court until reduced to judgment; that it was presented within a year from the entry thereof or within the time limited by the statute which provides:

"If the claim of any person not capable of being exhibited within the time limited for creditors to present their claims, shall become absolute at any time thereafter, the person having such claim may present it to the court, and prove the same at any time within one year after it shall become absolute." Comp. St. Supp. 1939, sec. 30-704.

The heirs and the administrator insist that the claim was barred for the reason it was not presented to the county court within two years from the death of Earl as required by the following provisions of statute:

"Every person having a claim or demand against the estate of a deceased person who shall not after the giving of notice as required in this chapter exhibit his claim or demand to the judge within the time limited by the court for that purpose, shall be forever barred from recovering on such claim or demand, or setting off the same in any action whatever; Provided, if any person having such claim or demand shall fail for two years from and after the death of such decedent to apply for or take out letters of administration on the estate of such deceased person, or cause such letters to be taken out as provided for in this chapter, then such claim or demand shall likewise be forever barred." Comp. St. Supp. 1939, sec. 30-609.

The liability of a stockholder to the creditors of an insolvent state bank was imposed by the Constitution which provides:

"In all cases of claims against corporations and joint stock associations, the exact amount justly due shall be first ascertained, and after the corporate property shall have been exhausted the original subscribers thereof shall

be individually liable to the extent of their unpaid subscription, and the liability for the unpaid subscription shall follow the stock." Const. art. XII, sec. 4.

"Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to his respective stock or shares so held, for all its liabilities accruing while he remains such stockholder, and all banking corporations shall publish quarterly statements under oath of their assets and liabilities." Const. art. XII, sec. 7.

These provisions by their own terms apply to "all cases of claims" against state banks and to "every stockholder." At first the claim herein was contingent, but it was nevertheless a "claim" capable of being exhibited to the county court. *In re Estate of Edwards, ante,* p. 671, 294 N. W. 422. In the proceeding to reduce the contingent claim to an absolute one by recovery of a judgment against the estate of the deceased stockholder, an administrator was a proper party defendant for the purpose of determining the validity of the claim and the extent of the liability, if valid. *Brownell v. Anderson,* 117 Neb. 652, 222 N. W. 55; *Parker v. Luehrmann,* 126 Neb. 1, 252 N. W. 402. In the present instance no individual creditor or heir applied for the appointment of an administrator. The duty to do so fell on the receiver, acting for all creditors of the bank. He was appointed receiver after the bank was adjudged insolvent June 11, 1929. Adjudicated insolvency implied a contingent claim for a deficiency. In absence of an amicable settlement, the validity and amount of the claim were litigable questions. A legal representative of decedent's estate is a proper defendant in such litigation. Earl died June 4, 1930, and the application for the appointment of an administrator was not made until April 29, 1937, with the claim still contingent. As a claim against the Earl estate it was therefore barred by the two-year statute of limitations. Comp. St. Supp. 1939, sec. 30-609. The county court and the district court so held.

AFFIRMED.