RAY F. HOOVER, ADMINISTRATOR, APPELLEE, V. JOSEPH F. HALLER, ADMINISTRATOR, ET AL., APPELLANTS.

21 N. W. 2d 450

FILED JANUARY 18, 1946. No. 31980.

*A. C. Plantz* and *E. D. Crites,* for appellants.

*John J. Olsson* and *Robert O. Reddish,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

This is an action brought in the district court in equity to partition personal property. The trial court held that the action could be maintained. We sustain the trial court as to

jurisdiction. The trial court held that the plaintiff was entitled to an undivided five-sixths interest in the property. We reverse the decision as to that and remand the case.

Plaintiff brought this action as guardian of the estate of his mother, Estella A. Powell. After the trial, and pending ruling upon a motion for a new trial, the ward died and the action was revived in the name of plaintiff as administrator.

The defendants are the administrator of the estate of Ellis Powell, deceased, and the children of said deceased.

Ellis Powell and Estella Powell were married in 1915. At that time Estella Powell was the owner of a tract of land comprising 1576.95 acres situated in Cherry and Sheridan Counties. Some time thereafter the two parties purchased, as tenants in common, two tracts of land totaling 780.5 acres. To secure funds to pay for the same they mortgaged the tract owned by Mrs. Powell and the first of the two tracts so purchased.

On April 27, 1940, the Powells sold the land for $16,000, receiving $6,000 in cash, and the balance was evidenced by ten promissory notes, each for $1,000, one payable each year thereafter and to the order of Ellis Powell and Estella Powell. The notes were secured by a mortgage on the real estate involved.

On March 30, 1941, Ellis Powell died intestate, and defendant Haller, as administrator, came into possession of the notes and mortgage. There were paid to defendant Haller, as administrator, the interest due on the notes and the principal amount due on the first three of the ten notes. Defendant Haller paid Mrs. Powell one-half of the principal and interest so collected.

Mrs. Powell became a resident of Dodge County where, on May 5, 1943, in a proceeding in the county court for that county, she was found to be incompetent, and the plaintiff was appointed and became the guardian of her estate.

Plaintiff, alleging the above facts, brought this action in partition alleging further that his mother was the owner of five-sixths of the land so sold; that the land owned by her was of equal or greater value than the land owned by Mr.

Powell; that the $6,000 received in cash was used for the benefit of the parties according to their interests in the real estate; that Mrs. Powell had contributed at least five-sixths of the consideration for the notes; that she was entitled to a five-sixths share of the payments made on the notes instead of the one-half that was paid her. Plaintiff prayed that it be determined that Mrs. Powell is the owner of an undivided five-sixths interest in the notes and mortgage and in the proceeds of the payments made; that the estate of Mr. Powell is the owner of one-sixth thereof; that an accounting be had of the amounts received by the administrator and the amounts paid to Mrs. Powell; that the administrator be required to pay the balance found due to plaintiff and, if he fail to do so, that the plaintiff have a lien therefor upon his interest in the unpaid notes of Mr. Powell's estate; that the notes be apportioned among the owners according to their interest and, if that cannot be done without prejudice to the rights of the owners, that the notes and mortgage be sold and the proceeds apportioned; and that the plaintiff be awarded five-sixths thereof plus the balance to which she is entitled from the sums already collected, and the remainder to the defendant. The petition prayed for equitable relief.

To this petition defendants demurred. Their demurrer was overruled. Trial was had resulting in a decree for plaintiff. From that defendants appeal.

At the outset we are confronted with defendants' contention that the trial court erred in overruling the demurrer. It is defendants' contention that the trial court was without jurisdiction of the subject matter in this—that the matters sought to be litigated are within the exclusive jurisdiction of the county court in which the estate of Mr. Powell is being administered.

It is obvious that the property here involved is personal property. The question is: Does the district court have jurisdiction to entertain an action to partition the property?

We have held that a court of equity has jurisdiction to decree partition of personal property, and if partition is not

possible, to regulate its use equivalent to partition, or to partition by sale. Riley v. Whittier, 100 Neb. 107, 158 N. W. 446.

A recognized authority states the rule as follows: "However expedient the partition of chattels might appear, or however desirable it might be to co-tenants, the common law furnished no instrumentality by which the partition could be judicially effected. There was not merely an inadequacy of legal remedy, there was an utter absence of it. The situation clearly demanded the intervention of equity. And although the inception of the equitable jurisdiction for the partition of chattels is not traceable with certainty, the jurisdiction itself is unquestioned; and where a literal partition is not practicable, the court will order a sale." 4 Pomeroy, Equity Jurisprudence (5th ed.), s. 1391, p. 1020.

It has been held that the co-owner of a promissory note may maintain an action for partition. Conover v. Earl, 26 Iowa 167 (cited by Pomeroy, *supra*).

Does the fact that defendant is the administrator of an estate of a deceased person prevent the district court as a court of equity from exercising jurisdiction to partition? We do not think so. The subject matter of the probate court's jurisdiction is the property of the deceased only. 40 Am. Jur., Partition, s. 60, p. 49. The obvious purpose of a partition suit is to set off to each owner that which is his. In Phillips v. Dorris, 56 Neb. 293, 76 N. W. 555, we said: "The object of a partition suit is to assign property, the fee simple title to which is held by two or more persons as joint tenants, or tenants in common, to them in severalty." That must be its result, so that as a result of the partition action there must be set off to the administrator the property of which he is given jurisdiction in the probate court.

Article V, section 16, of the Constitution gives county courts "original jurisdiction in all matters of probate, settlement of estates of deceased persons, * * * ." Section 24-503, R. S. 1943, provides that county courts "shall have exclusive jurisdiction of the probate of wills, the administra-

tion of estates of deceased persons, * * * ." It is to be noted that the language of these provisions does not go beyond the "estate" of the deceased person.

Section 30-801, R. S. 1943, provides: "No action shall be commenced against the executor or administrator except actions to recover the possession of real or personal property, and actions for relief other than for the recovery of money only, * * * ." This constitutes legislative sanction of actions against executors or administrators to recover the possession of real or personal property, and actions for relief other than for the recovery of money only. See Hazlett v. Estate of Blakely, 70 Neb. 613, 97 N. W. 808.

Certainly an action in partition is one for relief other than for the recovery of money only. Brownell v. Anderson, 117 Neb. 652, 222 N. W. 55, was a suit involving the liability of a stockholder in a state bank, brought against the executor of the estate of a deceased stockholder. The above statute was considered. It was held that the action could be maintained. Fremont Farmers Union Cooperative Ass'n v. Markussen, 136 Neb. 567, 286 N. W. 784, was a creditors' suit against the administrator of an intestate's estate and one of the next of kin to subject the latter's interest to the satisfaction of some judgments, in which it was held that the suit could be maintained against the administrator of a decedent's estate, which was in process of administration in the county court. In the course of the opinion we said: " * * * it is to be borne in mind that the doctrine of *custodia legis* is one of practical convenience only, and not *strictissimi juris*. * * * The immunity of the *custodia legis* doctrine should not be extended beyond the actual demonstrated necessities of a particular situation, * * * ." See, also, Prudential Ins. Co. v. Bliss, 123 Neb. 578, 243 N. W. 842. Cox v. Johnston, 139 Neb. 223, 296 N. W. 883, was an action for specific performance of an oral contract to bequeath property by will. One of the defendants was the executrix of the deceased. It was contended that the county court had exclusive jurisdiction and that the district court had no jurisdiction of an original action

to secure specific performance of the contract. It was held: "Section 9, art. V of the Constitution of this state, grants to district courts both chancery and common-law jurisdiction. While section 16, art. V of such Constitution, grants to county courts original jurisdiction in all matters of probate, settlements of estates of deceased persons, etc., and prohibits jurisdiction in county courts in civil actions in which title to real estate is sought or drawn in question, such section does not operate to oust the district court of jurisdiction in cases in which it is sought to impress a trust upon property, even though the property involved is that of an estate of a deceased person." It was held that the action was one to impress a trust or create a lien upon the property of an estate and was not an action for the recovery of money only.

We conclude that an action in equity to partition personal property may be brought in the district court by one owning an undivided interest therein against the administrator of an estate of a deceased person, which estate is also the owner of an undivided interest in the personal property. Accordingly, defendants' challenge to the jurisdiction of the court was properly overruled by the trial court.

Following the overruling of the demurrer defendants answered, denying generally. They admitted that the Powells were husband and wife, the death of Mr. Powell, leaving Mrs. Powell his widow and the four children as defendants, and admitting that defendant Haller was administrator of the estate of Mr. Powell. They admitted the execution and delivery of the notes and mortgage; that the administrator as such has possession thereof; and that three of the notes, together with interest, had been paid, and one-half thereof distributed to the administrator and one-half to Mrs. Powell. They further pleaded that the administrator was entitled to an undivided one-half interest in said notes and mortgage; that the estate was in process of administration; that claims had been filed and allowed; and that it had not been determined as to how much of the per-

sonal estate could be distributed to Mr. Powell's heirs.

They further pleaded that the administrator had at all times advised Mrs. Powell that the interest of the estate in said notes was a one-half interest and her interest was a one-half interest; that all sums which had been or would be collected would be distributed on that basis; and that Mrs. Powell assented thereto, and accepted and received a one-half interest thereof and was estopped to claim more.

Trial was had. The trial court decreed that Mrs. Powell was the owner of an undivided five-sixths interest in and to the mortgage and the unpaid notes and interest thereon; that the administrator was the owner of a one-sixth interest therein; and that they were entitled to receive the proceeds of the notes in that proportion. A partition of the property was decreed; a referee was appointed; the administrator was ordered to surrender the unpaid notes and the mortgage to the referee, to assign the mortgage to the referee, and to deliver the abstracts of title to the referee; the plaintiff was ordered to assign the interest of Mrs. Powell in the notes and mortgage to the referee.

The referee was ordered to divide the property into five-sixths and one-sixth parts and deliver the same to the parties, and, if unable to do so, to report for further order.

The administrator was ordered to pay to the referee the difference between the amount Mrs. Powell had received and the amount she was entitled to receive. There was a provision that if he failed to do so, the plaintiff should have a lien upon the interest of the Ellis Powell estate in said notes and mortgage.

Motion for new trial was made and overruled, and defendants appeal.

By assignments of error, defendants raise the question of the correctness of the decree in its several parts. We have disposed of defendants' first assignment of error going to the question of the jurisdiction of the court.

It will thus be seen that the basic fact issue presented by the pleadings was whether plaintiff was entitled to a one-half or a five-sixths interest in the notes. At the trial plain-

tiff offered evidence that he had been duly appointed guardian of the estate of Mrs. Powell. He further offered evidence that the land owned by Mrs. Powell was about 300 acres of hay meadow and the balance grazing land, improved with the requisite ranch buildings; that the lands purchased by Mr. and Mrs. Powell in 1919 subsequent to their marriage were grazing lands; that hay land was more valuable than grazing land; that the improved land, including the hay land, owned by Mrs. Powell at the time of her marriage was worth, acre for acre, as much as or more than the grazing land; and that acre for acre the grazing land was of equal value.

The defendant administrator was called as a witness by plaintiff and testified that he took possession of the ten promissory notes; that three had been paid; that he had the remainder of the notes and the mortgage in his possession, together with abstracts of title; and that plaintiff had requested the abstracts of title before trial and they were not surrendered. The administrator produced them in court and they, together with the certificates, were offered and admitted in evidence over the objection of defendants.

Plaintiff offered and there was received in evidence a canceled check, dated May 1, 1940, for $4,317.67 signed by Mrs. Powell, payable to Gordon State Bank, and upon which was written "Federal Land Bank Loan." Plaintiff also offered evidence that Mr. Powell listed the land for sale.

When plaintiff rested, defendant moved for a dismissal, raising the question of jurisdiction, sufficiency of the petition and facts. The motion was overruled. Defendants rested.

Defendants contend that the trial court erred in finding and adjudging that plaintiff owned more than a one-half interest, to wit: a five-sixths interest in the mortgage and notes and in the proceeds already collected.

We start with two factual situations which simplify a solution of the problem. First, we are dealing here with a transaction between husband and wife. Second, both parties concede that the other has an undivided interest in the

property involved. The question is the extent of their interest. Likewise, both parties accept the rule that where a conveyance of property is made to two or more persons, and the instrument is silent as to the interest which each is to take, the presumption is that their interests are equal. 62 C. J., Tenancy in Common, s. 24, p. 420; 14 Am. Jur., Cotenancy, s. 17, p. 88. This appears to be the rule in all the states where the principles of the common law prevail. Loring v. Palmer, 118 U. S. 321, 341. This rule applies to negotiable instruments. 8 C. J., Bills and Notes, s. 302, p. 177; 11 C. J. S., Bills and Notes, s. 659, p. 92. As these authorities indicate, the presumption is a rebuttable one.

Plaintiff argues that the evidence shows that Mrs. Powell contributed at least five-sixths, if not more, of the consideration for the notes and mortgage, and accordingly owns an undivided five-sixths interest therein; and that this evidence overcomes the presumption of co-equal ownership. Assuming that the evidence establishes that Mrs. Powell contributed five-sixths of the consideration, that fact is not decisive here.

We have long followed the rule that where the parties are husband and wife, there is a presumption that the placing of title in the name of one spouse was intended by the other spouse as a gift. Brodsky v. Brodsky, 132 Neb. 659, 272 N. W. 919. This presumption has been applied not only to cases where the husband furnished the consideration but also to cases where the wife furnished all or the larger part of the consideration. Brownell v. Stoddard, 42 Neb. 177, 60 N. W. 380; Davis v. Davis, 112 Neb. 178, 199 N. W. 113; Brodsky v. Brodsky, *supra*. See, also, Kehl v. Omaha Nat. Bank, 126 Neb. 695, 254 N. W. 397. See annotation 113 A. L. R. 346. The rule applies to personal property as well as to real estate. First Trust Co. v. Hammond, 140 Neb. 330, 299 N. W. 496. Obviously the rule would have no application except in those cases where the payer furnished all, or a larger proportion, of the consideration than was furnished by the transferee, and to a greater extent than is apparent from the title shown by the instrument of convey-

ance. The rule of a presumption of a gift is applicable here. The presumption is a rebuttable one. We need not here determine the proof necessary for that purpose, for here the record supports the presumption. When the first tract of land was purchased in 1919, the land purchased, together with Mrs. Powell's land, was mortgaged to secure the money with which to pay for the land and to pay for the second tract purchased. The title to the lands so purchased was taken by the Powells "in equal shares, as tenants in common." Plaintiff so pleads and premises his case, as to the interests of the parties in the notes and mortgage, upon that factual situation. When the lands were sold and the notes and mortgage taken payable to the order of Mr. and Mrs. Powell, there was no division of the notes and mortgage into unequal shares. Subsequently, during the lifetime of Mrs. Powell, and so far as appears before she was declared incompetent, three of the notes and the interest on the entire debt were paid by the mortgagor. A one-half part thereof was paid to and accepted by Mrs. Powell. Plaintiff so pleads and defendants so admit. Plaintiff premises his case in part upon that fact also.

Under these circumstances it must be held that each of the parties owned an undivided interest in the notes in equal shares. It follows that the trial court erred in finding and decreeing that Mrs. Powell was the owner of an undivided five-sixths interest in the property and that plaintiff was entitled thereto.

Defendants next contend that the trial court erred in decreeing partition. It is argued that partition by court order is unnecessary at this time; that the matter should be held in abeyance until the estates have been administered and then, if the parties cannot agree to a division, that partition can follow. Plaintiff is as much entitled to the possession now of the property owned by the estate which he represents as is the defendant administrator entitled to the possession of the property owned by the estate which he represents. The procedure should be that which expedites

rather than delays the administration of both estates. We see no merit in this contention.

The next assignment of error is that the trial court erred in requiring the defendant administrator to pay the plaintiff the additional one-third of the proceeds collected on the notes already paid, and in decreeing a lien against the share of Mr. Powell's estate to secure such payment. In view of the conclusion which we have reached as to the respective shares of the parties in the notes in question, it is patent that this assignment must be sustained.

The next assignment of error is that the trial court erred in ordering defendant administrator (1) to surrender to the referee the abstracts of title and (2) to assign his interest in the unpaid notes to the referee. The right of the mortgagor in the abstracts is not before us. Obviously the abstracts have been furnished to the mortgagees as an incident to the security. Plaintiff representing a part owner of the secured notes is as much entitled to the use of the abstracts as is the defendant administrator. Their surrender to the referee is a proper requirement for his use in the partition of the property. While the possession of the abstracts by the referee may not be necessary until and if a sale of the notes is ordered, we see no error in the court's order. Likewise, it appears that an assignment of the notes and mortgage to the referee by plaintiff and defendant administrator is a proper requirement as an incident to the partition. We see no merit in this assignment.

Defendants finally assign as error the admission of the abstracts in evidence to show the proportions in which the parties owned the land. In view of our conclusion on the merits we see no need to discuss or determine this assignment.

The judgment of the trial court is reversed and the cause remanded with directions to enter a decree in accord with this opinion.

REVERSED.