### OHLENDIEK v. SCHULER et al.

(Circuit Court of Appeals, Sixth Circuit. April 11, 1924.)

#### No. 3923.

1. War ☞12—Trading with the Enemy Act held inapplicable to contract between two alien enemies.

A contract by one alien enemy to make a will requiring his executrix and devisees to pay another alien enemy a certain sum of money within four months after his death was not void, under Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½a et seq.); such statute being inapplicable to contracts between alien enemies.

2. Frauds, statute of ☞14—Contract to make will binding estate to pay other person specified sum within specified period held not violative of statute.

A contract to make a will binding his estate and devisees to pay to other person specified sum of money within four months after testator's death, made in consideration of other person's agreement to support and provide for testator until his death, held not violative of Gen. Code Ohio, § 8621, as to promises to answer for the debt of another.

3. Executors and administrators ☞437(2)—Action to specifically enforce contract to make will held not "action against an executor," or "action against the heirs, devisees, or next of kin," within statutes.

A suit for specific performance of a contract to execute a will in favor of plaintiff, was not an "action against an executor," within Gen. Code

Ohio, § 10746, or an "action against the heirs, devisees, or next of kin," within section 10878, limiting the time within which such actions must be brought.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Action Against an Executor and Legatees.]

4. **Specific performance** ⬅➡86—Though specific performance of contract to make will is not granted, equity may declare trust in property, whether real or personal.

A contract to make a will is incapable of specific performance after the death of the promisor; but where such contract is fair and reasonable, and is based on adequate consideration, courts of equity will afford a remedy for failure to make a will in accordance with its terms, by seizing the property and fastening thereon a trust, and though such remedy is granted to a greater extent in cases involving land than where the contract relates to personal property, equity may grant relief where personal property is concerned.

5. **Specific performance** ⬅➡8—Discretionary with court.

The right to specific performance is not an absolute right, but is wholly within the sound and reasonable discretion of a court of equity, in accordance with the established usages and precedents.

6. **Courts** ⬅➡374—Adequacy of legal remedy in action in federal court not determined exclusively by state statute.

In an action for specific performance in a federal court, the adequacy or inadequacy of a remedy at law is not conclusively determined by the statutes of the particular state in which the suit may be brought.

7. **Equity** ⬅➡87(3)—Party who has lost right of action at law by limitations cannot assert right in equity.

Generally, when a party has a complete and adequate remedy at law, and fails for any cause to rely on it in that forum, he will not be permitted to assert it in equity merely because his action is barred by limitations, unless he was prevented by fraud or accident, or by such circumstances as he was unable to control.

8. **Equity** ⬅➡87(3)—Alien enemy, precluded from bringing action at law within period of limitations, not denied equitable relief by reason thereof.

An alien enemy, who was precluded within the period of the statute of limitations from bringing an action at law, should not be denied equitable relief on the theory that she had a complete and adequate remedy at law and failed to rely thereon until action was barred by limitations.

9. **Equity** ⬅➡20—Equity has jurisdiction to enforce equitable lien on testator's estate under agreement making payment of bequest charge against estate.

Where testator entered into a contract to make a will in favor of a certain person, the bequest to be a charge or an equitable lien on his estate, equity has jurisdiction to enforce such lien.

10. **Accord and satisfaction** ⬅➡19—Rule as to creation of accord and satisfaction by agreement as to discharge of existing debt at future time, stated.

A mere agreement that an existing debt shall be discharged at some future time, either by payment in full, or the performance of some act, does not amount to satisfaction, and is no bar to an action brought on the original debt; but where the parties agree that new promise shall constitute satisfaction of the existing debt, and such claim is based on a new consideration, or the possibility of a benefit to the creditor to which he was not before entitled, and where such promise is accepted in satisfaction, the new agreement constitutes an accord and satisfaction, barring action on the original debt.

11. **Accord and satisfaction** ⬅➡19—Debtor's promise to make will making payment to creditor of specific amount a charge on his estate held to constitute accord and satisfaction.

Where debtor, who had been supported by creditor, agreed, in consideration of discharge of debt and continued support by creditor, to make

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a will providing for payment to creditor of certain amount, and binding his estate to pay such amount within a certain time, a promise to make such will was a sufficient new consideration for release of original debt, and creditor's right must be based on such new promise.

12. **Wills &⇒67—Equitable lien, created by agreement to make payment of specified amount a charge on testator's estate, held enforceable only in equity.**

Where debtor, in consideration of discharge of debt for support previously furnished, and creditor's agreement to continue to support debtor, agreed to make will providing for payment thereof a charge on her estate, the equitable lien created thereby is enforceable only in equity.

13. **Wills &⇒67—Agreement to make will making payment of specified sum a charge on testator's property held enforceable in equity.**

Where testator, in consideration of complainant's agreement to support him, agreed to execute a will bequeathing to complainant specified amount, payable within four months after testator's death, and making such payment a charge on testator's estate, but failed to execute or acknowledge the will in accordance with the laws of the state in which the property was situated, equity has jurisdiction to afford complainant relief in the nature of specific performance.

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; John W. Peck, Judge.

Action by Wilhelmine Ohlendiek against Cora Schuler and others. Decree of dismissal, and complainant appeals. Reversed and remanded, with directions.

John C. Healy, of Cincinnati, Ohio (Richard A. Powell, of Cincinnati, Ohio, on the brief), for appellant.

Leonard Garver, Jr., of Cincinnati, Ohio (Lorbach & Garver, of Cincinnati, Ohio, on the brief), for appellees.

Before DENISON, DONAHUE, and MACK, Circuit Judges.

DONAHUE, Circuit Judge. The appellant, Wilhelmine Ohlendiek, a citizen and resident of Germany, brought an action against the executrix and the legatees and devisees of Henry Roettcher, deceased, for specific performance of a contract to bequeath to her by will $6,000, to be paid out of promisor's estate within four months after his decease.

Henry Roettcher was an American citizen, residing in Cincinnati, Hamilton county, Ohio. In March, 1914, he went to Germany, and never returned to this country. He died January 20, 1920, at Luebbecke, in Westphalia, Germany. The amended complaint alleges, in substance, that during all of the time he was in Germany he was the owner of certain real estate and personal property located in Cincinnati, Ohio; that in 1908 he executed a will by which he devised his real estate and personal property to his children and only heirs at law, Cora Schuler, Katie R. Hilberg, Minnie Kallendorf, Clara Pape, and Henry Roettcher, all of whom are made party defendants; that at his death this will was admitted to probate; that Katie Hilberg was appointed executrix, and the estate was administered and distributed in accordance with the terms of the will executed by Roettcher in 1908; that Henry Roettcher during the World War was unable to communicate with his home in Cincinnati, and was thereby prevented from receiving

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the rents of his property, the income from the securities which he possessed, and the moneys which he had on deposit in the bank in Cincinnati, all of which were taken into the possession of the United States Alien Enemy Property Custodian, and held by him from the time the United States entered the war until peace was declared between the United States and Germany, at which time it was delivered to the defendants and later distributed in accordance with the provision of his will; that during this period he was wholly without available means to provide himself with the necessities of life; that he was an invalid, and frequently required the attention of a physician, in addition to his board, washing, lodging, and pocket money from time to time, together with necessary care and attention to his wants, all of which were furnished by the complainant at her own expense, and for which Henry Roettcher promised and agreed to pay; that on or about January 3, 1920, said Roettcher being then indebted to the complainant in the sum of about $6,000 on account of the matters aforesaid, and having no means then at his command with which to pay the same, promised and agreed with the complainant that, if she would still continue to furnish him board and pay his physician and attend to his wants until his death, pay his funeral expenses, and erect a monument at his grave, he would make a will binding his estate and his heirs, who were the beneficiaries of his estate in the will executed by him in 1908, to pay the sum of $6,000, four months after his death; that the claimant agreed to and did accept the promise, and agreed with Roettcher to accept the same in full settlement of her claim and other expenses mentioned; that said agreement was at the time it was made a valid and binding agreement, and in accordance with the laws of the place in which it was made, and in accordance with the laws of the state of Ohio; that thereupon Henry Roettcher did execute and cause to be recorded a will in the district court of Luebbecke, in Westphalia, Germany, in accordance with the laws of that country, but wholly failed to have the same executed and acknowledged as a will in accordance with the laws of the state of Ohio.

The defendants filed a motion to dismiss this amended bill of complaint upon the ground that the facts set forth are not sufficient to constitute a valid cause of action in equity against the defendant or to entitle plaintiff to any relief. Katie Hilberg, as executrix of the last will and testament of Henry Roettcher, filed a separate motion upon the same ground, to dismiss the bill of complaint as to her as executrix. These motions were both sustained by the District Court, upon the theory that under the provisions of the Trading with the Enemy Act (40 Stat. 411, Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½a et seq.), the devisees of Henry Roettcher could not make this payment to the plaintiff without subjecting themselves to the punishment and penalties provided in section 16 of that act (section 3115½hh).

If another child of Henry Roettcher had been a resident of Germany and a devisee under his will of 1908, or if Henry Roettcher had made a will valid under the laws of Ohio in accordance with the terms and provisions of the contract alleged in the petition, the situation would be in no wise different than is presented in this action for specific per-

formance, and yet it would hardly be claimed that these devisees under the will of 1908 would have the right to appropriate property belonging to an alien enemy merely because payment of such legacy could not then lawfully be made to such devisee. On the contrary, such property would pass into the possession of the United States Alien Property Custodian, to be held by him awaiting final disposition after peace should be declared.

It is true that this property was in the possession of the Alien Property Custodian during the lifetime of Henry Roettcher, but after his death, and apparently upon the presumption that under his will of 1908 all of this property passed to citizens of the United States, resident within the territory of the United States, it was delivered to his children, or to the executrix of his will. That, however, would not prevent the return to the Custodian, or the payment to the Custodian, of any part of this property that belonged to an alien enemy, whenever such ownership was ascertained.

[1] This contract is not void under the Trading with the Enemy Act, above cited. That act expressly declared that any individual resident within the territory of any nation with which the United States was at war should, for the purposes of the act, be held to be an alien enemy. Therefore the contract alleged to have been made in Germany between Henry Roettcher and Wilhelmine Ohlendiek was a contract between alien enemies of the United States, and for that reason is not within the prohibition of this act.

[2] It is further claimed on behalf of the defendant in error that this contract is void under the Ohio statute of frauds (section 8621, G. C.), which provides in substance that no action shall be brought to charge the defendant upon a special promise to answer for the debt of another person, unless the agreement is in writing and signed by the party to be charged. This is not such a contract. On the contrary, the contract alleged in the petition is a contract for the payment by Roettcher of his own debt out of his own estate.

[3] It is further claimed that this action is barred by the statutes of Ohio, limiting the time in which an action can be brought against the personal representative of a deceased or against his devisees, legatees, and next of kin for debts which could not have been sued for against the executor or administrator, and for which no provision was made when the estate was settled and the proceeds distributed. This record presents no such question. This is an action in equity for the specific performance of a contract by the terms of which Roettcher, for valuable consideration, agreed to execute a last will and testament devising a part of his estate to the plaintiff. Whitney v. Hay, 181 U. S. 77, 21 Sup. Ct. 537, 45 L. Ed. 758; Townsend v. Vanderwerker, 160 U. S. 171, 183, 184, 16 Sup. Ct. 258, 40 L. Ed. 383; Brown v. Sutton, 129 U. S. 238, 9 Sup. Ct. 273, 32 L. Ed. 664; Ellis v. Ellis, 280 Fed. 457, 460, 51 App. D. C. 383; Emery v. Darling, 50 Ohio St. 160, 33 N. E. 715.

The nature and character of this action is recognized by the defendants in their motion to dismiss for want of equity. Section 10746 of the General Code of Ohio, limiting the time in which action shall be commenced against an executor or administrator, and section 10878,

General Code, limiting the time in which action may be commenced against the heirs, devisees, or next of kin, have no application whatever to an action for specific performance.

[4] It is claimed however, that, by reason of the fact that the contract as averred in the petition purports to be a contract to devise a definite sum of money to the plaintiff, equity will not decree specific performance, because the plaintiff has an adequate remedy at law. A contract to make a will is incapable of specific performance after the death of the promisor. Where, however, such a contract is fair and reasonable, and based upon an adequate consideration, courts of equity will afford a remedy for failure to make a will in accordance with its terms by seizing the property and fastening thereon a trust in favor of the person to whom the decedent agreed to devise the same. While it is true that such remedy in the nature of specific performance is granted to a greater extent in cases of contracts relating to real property than in cases where the contract relates to personal property, nevertheless the jurisdiction in equity is as ample to decree specific performance of a contract relating to personal property as of a contract relating to real property. The exercise of equity jurisdiction does not proceed upon any distinction between real and personal property, but depends upon the question whether the plaintiff has a complete and adequate remedy at law without the intervention of equity. 25 R. C. L. 295, § 107, and cases there cited. The federal statute upon this subject is but a declaration of an established rule of equity jurisprudence.

[5, 6] The right to specific performance is not an absolute one, but is wholly within the sound and reasonable discretion of a court of equity. This discretion is never exercised in an arbitrary manner, but, on the contrary, in accordance with the established usages and precedents of equity, according to the circumstances of each case. Nor is the adequacy or inadequacy of a remedy at law for the protection of the rights of one entitled to invoke the power of a federal court conclusively determined by the statute of the particular state in which the suit may be brought. Smith v. Reeves, 178 U. S. 436, 444, 20 Sup. Ct. 919, 44 L. Ed. 1140; Hollins v. Brierfield Co., 150 U. S. 371, 379, 14 Sup. Ct. 127, 37 L. Ed. 1113; 21 Corpus Juris, 42, § 17.

In this case the 18 months in which an action at law could have been brought against the executrix under the Ohio statute expired October 24, 1921. The resolution of Congress declaring the war with Germany at an end was adopted July 2, 1921, and the President's proclamation based upon this resolution was issued November 14, 1921. During all of this time the plaintiff was an alien enemy, and as such the courts of the United States, both state and federal, were closed to her. If the date of the President's proclamation is to be taken as the date upon which the courts of this country became open to plaintiff, then the 18 months allowed by the Ohio statute of limitation, in which she could have brought an action against the executrix, had fully expired before that date. If the date of the resolution passed by Congress were to be accepted as the date upon which the war came to an end, she would nevertheless have been deprived of practically all the time allowed to other creditors in which to bring an action against the executrix, unless it should be held that the Alien Enemy Act suspended the

statute of limitation as to all persons disabled thereby from bringing action within the time limited by state statutes.

[7] It is not claimed on behalf of appellees that plaintiff now has an adequate remedy at law but rather that she had such an adequate remedy, but the same is now barred by the Ohio statutes of limitation. It is a general rule that, when a party has a complete and adequate remedy at law and fails\for any cause to rely upon it in that forum, he will not be permitted to assert it in equity merely because he has lost his right of action by the bar of the statute of limitation, unless he was prevented by fraud or accident, or by such circumstances as he was unable to control. Murray v. U. S., 46 Ct. Cl. 94; Walker v. Kretsinger, 48 Ill. 502; Klinesmith v. Van Bramer, 104 Ill. App. 384; Beveridge v. Hewitt, 8 Ill. App. 467; 21 C. J. 47, § 22.

[8] If it were conceded that plaintiff, upon the death of Roettcher, had an adequate remedy at law against the executrix, she was prevented from asserting that remedy by circumstances over which she had no control, and therefore ought not to be denied equitable relief, upon the theory that she had a complete and adequate remedy at law and willfully and deliberately neglected to rely thereon until after an action at law was barred by the statute.

[9] This contract as pleaded is not a contract to bequeath by will to the plaintiff a definite sum of money, that in the event of inadequacy of the estate to pay all legacies would share pro rata with the other legatees, or might be entirely defeated by specific legacies; but, on the contrary, the bequest was to be made a charge or equitable lien upon the promisor's estate, real and personal, devised to his children by his will of 1908, which charge or lien the devisees under the former will would be required to pay and discharge as a condition of the devise to them whether such devises were general or specific. The enforcement of such a lien is clearly within the jurisdiction of a court of equity.

[10] It is further averred in the petition that, by the terms of this contract, plaintiff released her debt against the promisor and accepted in lieu thereof the decedent's promise to make a will in accordance with the terms of the contract above stated. While a mere agreement that an existing debt shall be discharged at some future time, either by payment in full or the performance of something wholly different, does not amount to satisfaction, and is no bar to an action brought upon the original debt, nevertheless, if the parties agree that the new promise shall constitute satisfaction of the existing debt, and the new agreement is based upon a new consideration or the possibility of a benefit to the creditor, to which he was not before entitled, and such promise is accepted in satisfaction, then such new agreement constitutes an accord and satisfaction, and is a bar to an action on the original debt. Hunt on Accord and Satisfaction, 152, 153; Wald's Pollock on Contracts (3d Edition, Williston), p. 34; Page on Law of Contracts, vol. 4, § 2515; Anson on Contracts, 496, § 431; 1 R. C. L. § 38. At the time it is alleged this contract was made, the amount of the existing debt was not determined with exact nicety, and it was wholly impossible for the contracting parties then to know the exact value of the services yet to be performed and money to be expended by the plaintiff.

[11, 12] Under the allegations of this petition there was substituted for the original debt, regardless of the amount then due, or the value of services yet to be performed, or expenses yet to be incurred, a promise and agreement to bequeath to this plaintiff the sum of $6,000 and to make such bequest a charge upon all of his estate, real and personal, in the hands of legatees and devisees. This was a sufficient new consideration for the release of the original debt, and plaintiff's rights, if any, must be based upon this new promise, which she avers was accepted by her in discharge and satisfaction of the original debt. For this reason she had no action for debt against the executrix of Roettcher's estate and, had that estate been insolvent, she could not have participated therein pro rata with other creditors, for according to her petition she had expressly exchanged her position as a creditor for that of a lienor on so much of the property, if any, as would pass to his devisees under his will of 1908. This lien is enforceable only in equity.

[13] It is wholly unnecessary to discuss the question of the election of remedies, upon the theory that she might have brought an action against the executrix for breach of contract. It is also unnecessary to consider whether, in view of the fact that this action was brought within one year next after the filing of the final account of the executrix, this court should remand the cause to the trial court, with directions to transfer it to the law side of the court as an action against the heirs, devisees, and legatees of the promisor under the provisions of section 10878 et seq. of the General Code of Ohio. We are of the opinion that under the peculiar facts and circumstances of this case, taken in connection with the contract as pleaded, the plaintiff is entitled, upon clear proof of the material allegations contained in her petition, to a decree in the nature of specific performance. Kleeberg v. Schrader, 69 Minn. 136, 137, 72 N. W. 59; Hammersly v. De Brie, 12 Clark & Finnelly, 45.

For the reasons stated, the decree of the District Court is reversed, and cause remanded, with directions to overrule the motion to dismiss the petition.