MARY A. COX, APPELLANT, V. KATHERINE GETSEY JOHNSTON ET AL., APPELLEES.

296 N. W. 883

FILED MARCH 14, 1941. No. 30892.

*Crofoot, Fraser, Connolly & Stryker,* for appellant.

*Clinton Brome* and *Max Fromkin, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and TEWELL, District Judge.

TEWELL, District Judge.

This action was begun in the district court for Douglas county to secure relief in the nature of the specific performance of an alleged oral contract to bequeath property by will at the time of death. To the plaintiff's amended petition a demurrer was filed by each defendant separately. These demurrers were sustained by the trial court, and, upon the plaintiff refusing to further plead, the petition of the plaintiff was dismissed. The plaintiff appeals.

The sole plaintiff is Mary A. Cox. The two defendants are Katherine Getsey Johnston, as an individual and as executrix of the estate of James B. Kelkenney, deceased, and Arthur A. Kelkenney. In the plaintiff's amended petition the facts hereinafter stated are alleged. James B. Kelkenney died while a resident of Omaha, Nebraska, on May 3, 1938. A petition seeking the probate of a document dated March 28, 1938, as the last will of said James B. Kelkenney, who is hereinafter called the testator, was filed on May 13, 1938, in the county court of Douglas county. Such document, of date March 28, 1938, is hereinafter referred to as the second will. On June 15, 1938, St. James Orphanage and Father Flanagan's Boys' Home filed objec-

tions to the probate of said second will, and presented for probate a document dated April 20, 1933, as the last will of said testator. Such document of date of April 20, 1933, is hereinafter referred to as the first will. In the second will the two defendants in this action, as individuals, were named as the sole residuary devisees. In July, 1938, upon trial in the county court, an order was entered admitting said first will to probate, and denying the probate of said second will. An appeal from this order to the district court was perfected. An order was entered fixing October 29, 1938, as the last day for filing claims, notice thereof duly given, and, after time for filing claims had elapsed, an order was entered barring all claims not filed. Trial in the district court resulted in a judgment admitting said second will to probate, and denying the probate of said first will. No appeal was taken from such judgment of the district court and it became final. The estate consists of property that is far in excess of the amount necessary to pay all claims and expenses of administration. In May, 1936, the plaintiff is alleged to have entered into an oral contract with the testator to the effect that upon consideration of the plaintiff moving her home from Des Moines, Iowa, to the testator's home in Omaha, and the plaintiff making her home with the testator, and taking charge of the management and running of the testator's household, the testator would leave the real estate in which said home was made and the sum of $2,500 in money to the plaintiff upon his death. The plaintiff is alleged to have fully performed such contract on her part. The terms of the first will above mentioned devised said real estate to the plaintiff and bequeathed her $2,500 in money. By the terms of the second will said real estate was devised to the plaintiff, together with household furniture and furnishing, but the sum of $2,500, or any other sum of money, was not bequeathed to the plaintiff. To secure said sum of $2,500 in money is the primary object of this action.

It will be noted from the dates set forth above, and from the alleged provisions of the two wills, that, when the time

for filing claims elapsed, the first will, which gave the plaintiff the real estate and the sum of $2,500 in money, had been admitted to probate, but that, after the time for filing claims had elapsed, the second will, which gave the plaintiff only the real estate and household furniture, was declared to be the last will of the testator. No claim in the probate proceedings was ever filed by the plaintiff.

One contention of the defendants is to the effect that the county court is, by the Constitution of Nebraska, given exclusive jurisdiction in all matters relating to the probate and settlement of estates of deceased persons, and, in such matters, has general equity jurisdiction. We do not challenge such contention. However, with such contention as a premise, the defendants draw the conclusion that the district court has no jurisdiction of an action originally brought in such court to secure relief in the nature of the specific performance of a contract to bequeath only a specified sum of money by will. With this conclusion we cannot agree. This contention overlooks the fact that the plaintiff's request is not to recover a debt, or to recover damages for the breach of a contract, or to recover for the reasonable value of services rendered, or to recover through a claim the balance due upon a contract. Whatever may have been the rights of the plaintiff to have maintained a claim against the estate for any one of such forms of relief, or what would have been the measure of her recovery upon any such claim, are matters not here involved, except as such matters might enter into the question in this case of whether or not the plaintiff had such an adequate remedy at law as to bar her maintenance of this action. This question of an adequate remedy at law will be mentioned later in this opinion. Section 9, art. V of the Constitution of this state, grants to district courts both chancery and common-law jurisdiction. While section 16, art. V of such Constitution, grants to county courts original jurisdiction in all matters of probate, settlements of estates of deceased persons, etc., and prohibits jurisdiction in county courts in civil actions in which title to real estate is sought or drawn

in question, such section does not operate to oust the district court of jurisdiction in cases in which it is sought to impress a trust upon property, even though the property involved is that of an estate of a deceased person. *Lacey v. Zeigler,* 98 Neb. 380, 152 N. W. 792. Section 16, art. V of the Constitution, above mentioned, was amended in 1920 since the opinion in *Lacey v. Zeigler, supra,* was filed, but not in such manner as to affect the rule above stated. Whether or not the county court has jurisdiction concurrent with that of the district court in an action such as is this is not now involved.

A second contention of the defendants, which is closely allied to the contention above discussed, is to the effect that an action for the specific performance of a contract for the payment of money only may not be maintained, and that actions for the specific performance of a contract to leave property by will are originally brought and maintained in the district court only in cases in which the title to real estate is involved, and then only because the county court is without jurisdiction to compel the transfer of real estate. It is, no doubt, true that an action in equity for the specific performance of a contract to convey personal property ordinarily will not lie. Perhaps such an action to enforce the payment of money only could never be maintained. With this contention as a whole, however, we do not agree. Strictly speaking, there cannot be a decree for the specific performance of a contract to make a will, since such an instrument is, by its nature, revocable by the promisor during his life, and cannot be made by him after his death. It has long been recognized that courts of equity may grant relief in a form that is usually equivalent to a decree of specific performance of a contract to leave property by will, after the death of the defaulting promisor, by fastening a trust upon his estate in the hands of those taking it with notice of such contract or by devise or descent. Jurisdiction in the equity court in such cases does not rest upon any distinction between real estate and personal property, but rather upon the ground of the inadequacy of an action at

law. *Ohlendiek v. Schuler,* 299 Fed. 182; *Id.* 30 Fed. (2d) 5; Annotation, 69 A. L. R. 26; *Robinette v. Olsen,* 114 Neb. 728, 209 N. W. 614; 58 C. J. 1060.

A third contention of the defendants is to the effect that an action against an executrix of an estate for the recovery of money only may not be maintained. Section 30-801, Comp. St. 1929, provides in part as follows:

"No action shall be commenced against the executor or administrator except actions to recover the possession of real or personal property, and actions for relief other than for the recovery of money only, and such actions as are permitted in this chapter."

This action is not one of those expressly permitted by the chapter in which the above mentioned section occurs. Neither is it an action for the recovery of money only, within the meaning of said section. As above shown, this is an action to impress a trust or to create a lien upon the property of an estate in the hands of those who have taken it without consideration. Actions to foreclose a lien voluntarily created by the deceased before his death, such as a mortgage, or to foreclose a lien upon the property of the deceased coming into existence without his consent but before his death, such as a mechanic's lien, have as their primary purpose the recovery of money only, yet no one would contend that such actions are not maintainable against an executor of the estate of a deceased person. This action is primarily against the defendants as individuals, the executrix being joined as a defendant merely because she still has possession of a part or all of the property of the estate. *Brownell v. Anderson,* 117 Neb. 652, 222 N. W. 55; *Parker v. Luehrmann,* 126 Neb. 1, 252 N. W. 402; 24 C. J. 746. It has been held that the personal representative merely holds the property of the deceased in trust as against a contract such as the one alleged in this case, and that, if such personal representative has parted with possession of the property affected, the personal representative is not even a necessary party to such an action as this. See annotation, 69 A. L. R. 104, division II, subhead j.

Whether or not the services performed by the plaintiff were of such a character as to cause their value to be incapable of measurement by a pecuniary standard does not appear from the petition. The petition fails to state the period of time that the plaintiff agreed to perform services for the testator. However, the petition is not attacked by the defendants on account of such failure. Such period of time might have an important bearing upon the question of whether or not the plaintiff had an adequate remedy at law, assuming that the contract she alleges was ever made. The briefs of the plaintiff and of the defendants deal almost exclusively with questions of which disposition herein has been made. The defendants, in their brief, do not discuss the question of whether or not the plaintiff had such an adequate remedy at law as to bar the maintenance of this action. What effect the admission of the second will to probate after time for filing claims had elapsed has upon the defense of an adequate remedy at law is not discussed in the defendants' brief. We have chosen to dispose of this case solely upon the questions presented in the briefs of the parties. The briefs do not disclose that the petition is vulnerable upon demurrer.

For reasons above given, the decree of the trial court is reversed and the cause remanded for further proceedings in conformity hereto.

REVERSED.