VELMOR GEIGER, APPELLEE, v. REX GEIGER, EXECUTOR OF THE ESTATE OF JOHN GEIGER, DECEASED, ET AL., APPELLANTS.
178 N. W. 2d 575

Filed June 26, 1970.   No. 37546.

Ginsburg, Rosenberg, Ginsburg & Krivosha, Rodney

P. Cathcart, Bernard Wishnow, and Charles J. Knight, for appellants.

John R. Brogan and Baylor, Evnen, Baylor, Curtiss & Grimit, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and CHADDERDON, District Judge.

BOSLAUGH, J.

John Geiger and Frances Geiger, who were husband and wife and residents of York County, Nebraska, executed reciprocal wills on December 22, 1954. Each will gave all of the property to the surviving spouse and provided that on the death of the surviving spouse, Rex Geiger, a son, was to have an option to purchase the homestead quarter at a price to be determined by appraisal. The residue of the property was then to be divided equally among the testators' three children, Velmor Geiger, Dolores Geiger, and Rex Geiger.

Each of the wills contained the following provision, identical except as to names: "My wife, Frances Geiger, and myself have made these mutual wills as of the date this will bears, after an agreement between us that we would divide our property as hereinbefore provided." The following notation was placed on the will of Frances Geiger and signed by John Geiger: "Dec 22/54. I agree to these mutual wills. John Geiger."

Frances Geiger died on January 8, 1963. On March 30, 1965, John Geiger made a new will with substantial changes in the division of his property among his children. John Geiger died on September 24, 1966, and his will made on March 30, 1965, was admitted to probate. This action was commenced on June 25, 1968, to enforce the agreement between John Geiger and Frances Geiger for mutual wills.

The district court found generally for the plaintiff and directed that the estate of John Geiger, deceased,

be distributed in accordance with the provisions of his December 22, 1954, will. The defendants have appealed.

The defendants' principal contention is that the evidence was not sufficient to establish the agreement between John Geiger and Frances Geiger for mutual wills. The answer to this contention is found in the wills themselves which recited that they were mutual wills made "after an agreement between us that we would divide our property as hereinbefore provided."

The wills constituted a written memorandum of the agreement between the testators for mutual wills. In addition thereto, the will of Frances Geiger contained the notation signed by John Geiger: "I agree to these mutual wills." The mutual promises of the testators were adequate consideration for the agreement. Mack v. Swanson, 140 Neb. 295, 299 N. W. 543. See, also, Brown v. Webster, 90 Neb. 591, 134 N. W. 185.

The defendants argue that the evidence was not sufficient because there was no proof that the wills executed on December 22, 1954, were to be irrevocable. The wills were revocable except for the agreement that they were mutual wills and were executed pursuant to the agreement to divide the property of the testators as provided in the wills. It was the agreement between the testators that was not revocable. See Cox v. Johnston, 139 Neb. 223, 296 N. W. 883.

The judgment of the district court is affirmed.

AFFIRMED.