**Conrad MIKLASKI, Plaintiff,**

v.

**UNITED STATES of America and Paul McKay, Defendants.**

**Civil No. 97–CV–71212–DT.**

United States District Court, E.D. Michigan, Southern Division.

June 6, 1997.

Opinion Denying Reconsideration Oct. 27, 1997.

Opinion Denying Motion Dec. 8, 1997.

---

Robert R. Elsey, Grosse Pointe Park, MI, for Plaintiff.

David A. Haimes, U.S. Department of Justice, Trial Attorney, Tax Division, Washington, DC, William Woodard, Detroit, MI, for Defendants.

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S EMERGENCY EX–PARTE MOTION TO ADVANCE THE CASE FOR THE PURPOSE OF SCHEDULING AN EVIDENTIARY HEARING

DUGGAN, District Judge.

This matter is before the Court on plaintiff's "Emergency Ex–Parte Motion to Advance the Case for the Purpose of Scheduling an Evidentiary Hearing" and defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6). Because the Court believes that it lacks subject matter jurisdiction to hear this action, the Court grants defendants' motion and denies plaintiff's motion.

### Background

From 1986 through 1990, plaintiff worked as an independent contractor for the NASIMBEM company. Defendant McKay is a revenue officer of the Internal Revenue Service ("IRS"). In 1991, plaintiff filed Forms 1040 with the IRS for the years 1986 through 1990. Plaintiff and the IRS agreed that plaintiff would pay $500 a month to satisfy his income tax liability. Defendants contend that the agreement allowed the IRS to modify the amount of plaintiff's payments if plaintiff's ability to pay changed significantly.

On April 1, 1995, plaintiff submitted a Form 433–A to the IRS, showing that plaintiff earned net income of $4,203 per month and had $1965 in expenses and debt payments per month. (Defs.' Ex. C.) Based on this information, the IRS increased plaintiff's payments to $500 per week.[1] The IRS informed plaintiff of the change in 1995. Plaintiff claims that this increase was "unilateral" on the part of the IRS. Plaintiff failed to pay the increased amount. The IRS filed a First Notice of Intent to Levy on March 11, 1996. On January 30, 1997, defendant McKay sent plaintiff a Final Notice of Intent to Levy. On March 6, 1997, McKay issued a lien/levy on plaintiff's wages from his employer, Wisne Automation and Design Company, and on plaintiff's savings account at NBD Bank. Plaintiff received no notice of deficiency or notice of assessment before the IRS issued the lien/levy.

### Discussion

■ Defendants argue that the Court should deny plaintiff's motion and dismiss plaintiff's complaint because the Court lacks jurisdiction over this dispute. 26 U.S.C. § 7421 states,

> Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Plaintiff argues that this case falls within an exception to § 7421 because the IRS failed to follow the procedure for sending a notice of deficiency to plaintiff under 26 U.S.C. § 6212(a).[2] Plaintiff contends that this fail-

---

1. Plaintiff's total unpaid balance is $89,799.22, including penalties and interest.

2. Section 6212(a) states, "If the Secretary determines that there is a deficiency in respect to any tax imposed by subtitles A or B or chapter 41, 42, 43, 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail ."

ure on the part of the IRS foreclosed his ability to seek review in Tax Court under 6213(a).[3]

The Court rejects plaintiff's argument. Defendants have submitted plaintiff's tax returns for the years 1986–1990. These forms show that plaintiff owed taxes of $27,188 for 1986, $9,582 for 1987, $13,980 for 1988, $19,190 for 1989, and $16,369 for 1990. (Defs.' Ex. A.) Defendants also submitted certificates of assessment that have the same figures as those presented in the tax returns. (Defs.' Ex. B.) Thus, it is apparent that the IRS based its assessment of plaintiff's liability for taxes and penalties on his tax returns. For this reason, no deficiency notice was required. *See* 26 U.S.C. § 6201(a)(1) (authorizing the IRS to assess taxes and penalties, based on tax returns); *see also Larsen v. U.S.,* 1996 WL 848210 *1 (W.D.Wash. Dec.3, 1996); *IBEW Local Union No. 640 v. Forman,* 1995 WL 735743 *2 (D.Ariz. Sept.20, 1995). Plaintiff was not entitled to a notice of deficiency under § 6212, and this action does not fall within an exception to § 7421.

Plaintiff makes the alternative argument that § 7421(a) is inapplicable in this case. In *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962), the Supreme Court held that § 7421(a) is inapplicable if 1) it is clear at the time the suit is filed that the government cannot prevail under any circumstances, and 2) equity jurisdiction otherwise exists.

Plaintiff believes that the government cannot prevail because the government did not provide him with a deficiency notice. As discussed above, plaintiff was not entitled to such a notice. Therefore, the Court must reject this argument.

■ Plaintiff next argues that the IRS did not assess his taxes within three years after he filed his tax returns, as required by 26 U.S.C. § 6501.[4] Defendants have submitted certificates of assessment for the relevant years, which list "23c" dates in 1991. (Defs.'

Ex. B). The IRS uses Form 23c to record assessments, and the 23c date indicates the date the IRS made the assessment. *See Geiselman v. U.S.,* 961 F.2d 1, 5–6 (1st Cir. 1992), *cert. denied,* 506 U.S. 891, 113 S.Ct. 261, 121 L.Ed.2d 191 (1992). "Certificates of assessment and payments are generally regarded as sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made." *Gentry v. U.S.,* 962 F.2d 555, 557 (6th Cir.1992). Thus, plaintiff's tax liability was assessed in 1991, the same year that plaintiff filed his returns, and the Court must reject this argument as well.

■ Plaintiff also argues that the IRS has no authority to issue levies or liens against him. 26 U.S.C. § 6321 states,

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

(emphasis added). This statute provides authority for the creation of tax liens. Therefore, the Court must also reject this argument.

■ Finally, plaintiff argues that he satisfies the second prong of the *Enochs* test because he has no adequate remedy at law. Defendants argue that equity jurisdiction is lacking because plaintiff could sue the government for a refund. "[T]he opportunity to sue for a refund is an adequate remedy at law which bars the granting of an injunction." *Church of Scientology of California v. U.S.,* 920 F.2d 1481, 1489 (9th Cir.1990). A suit for refund cannot be maintained unless the claimant filed a claim for a refund with the Secretary of the Treasury or the Commissioner of Internal Revenue. *See* 26 U.S.C. § 7422. Plaintiff counters that filing

---

3. Section 6213(a) states, "After 90 days ... after the notice of deficiency authorized in section 6212 is mailed ... the taxpayer may file a petition with the Tax Court for redetermination of deficiency."

4. Section 6501 states, "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed."

for a refund would be futile because it must be done within three years of filing the tax return, and more than three years have passed since plaintiff filed the returns in question. *See* 26 U.S .C. § 6511(a) (providing for a limitations period of 3 years from the time the refund was filed, or 2 years from the time the tax was paid, whichever period is later). The Court notes that § 6511 also provides an alternative limitations period of 2 years after the tax was paid. Plaintiff has not paid his entire tax liability for the relevant years. Therefore, the statute of limitations has not run on the amounts that he has not yet paid. Moreover, even if the statute of limitations bars plaintiff's claim for a refund, that fact does not deprive him of an adequate remedy at law. *See Ohlendiek v. Schuler,* 299 F. 182, 188 (6th Cir.1924) ("It is a general rule that, when a party has a complete and adequate remedy at law and fails for any cause to rely upon it in that forum, he will not be permitted to assert it in equity merely because he has lost his right of action by bar of the statute of limitation, unless he was prevented by fraud or accident, or by such circumstances as he was unable to control."); *see also Baker v. Cummings,* 169 U.S. 189, 18 S.Ct. 367, 42 L.Ed. 711 (1898) (" 'Courts of equity, in cases of concurrent jurisdiction, consider themselves bound by the statute of limitations which govern actions at law.' ") (quoting *Metropolitan Bank v. St. Louis Dispatch Co.,* 149 U.S. 436, 448, 13 S.Ct. 944, 948, 37 L.Ed. 799 (1893)).

For the reasons set forth above,

**IT IS ORDERED** that plaintiff's emergency ex-parte motion to advance the case for the purpose of scheduling an evidentiary hearing is **DENIED,**

**IT IS FURTHER ORDERED** that defendants' motion to dismiss plaintiff's complaint is **GRANTED** pursuant to Rule 12(b)(1).

---

1. Fed.R.Civ.P. 11(c)(1)(A) provides that an attorney served with a motion for sanctions has twenty one days from service of the motion to withdraw or correct the offending document. In this case, the twenty one day period has more than expired. Elsey has also failed to file a response

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, GRANTING DEFENDANT'S MOTION FOR SANCTIONS, AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS

On March 24, 1997, plaintiff filed a complaint in this Court, seeking to "enjoin and restrain lien and/or levy on the wages, property (real or personal), savings and pension accounts of the Plaintiff." On June 6, 1997, the Court issued an Opinion and Order granting the government's motion to dismiss plaintiff's complaint and denying plaintiff's emergency ex-parte motion to advance the case for the purpose of scheduling an evidentiary hearing. In making that disposition, the Court determined that it lacked subject matter jurisdiction over the action. On June 16, 1997, plaintiff filed the instant motion for reconsideration of the June 6, 1997 Opinion and Order pursuant to Fed.R.Civ.P. 59 and E.D. Mich. L.R. 7.1(h). Through this motion, plaintiff requests the Court to set aside its order dismissing his complaint. On June 27, 1997, the government sent a letter informing plaintiff's attorney, Robert Elsey, that it would seek sanctions against him if he failed to withdraw the motion for reconsideration. Elsey did not withdraw the motion.[1] Also before the Court is the government's motion for sanctions against plaintiff's attorney, Robert Elsey, pursuant to Fed.R.Civ.P. 11.

### Discussion

E.D. Mich. L.R. 7.1(h)(3) states.

Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a

---

to the motion for sanctions. On October 17, 1997, Elsey filed a motion for extension of time to respond to the government's motion for sanctions. This much belated motion for an extension of time is denied.

different disposition of the case must result from a correction thereof.

Plaintiff presents several reasons why he is entitled to reconsideration of the Court's Opinion and Order dismissing his complaint for lack of jurisdiction. First, plaintiff argues that the government failed to complete an assessment of his tax liability within three years as required by statute. Second. plaintiff argues that the Court incorrectly determined that plaintiff was not entitled to a notice of deficiency. The Court rejected these arguments in its Opinion and Order of June 6, 1997, and plaintiff has not shown that a different disposition of the case is warranted. Instead of rearguing the merits of his case to this Court, the proper course of action was for plaintiff to appeal the Court's order to the United States Court of Appeals for the Sixth Circuit. *See Dana Corp. v. U.S.*, 764 F.Supp. 482, 489 (N.D.Ohio 1991).

■ Finally, plaintiff requests the Court to "withdraw" its order dismissing this action because he filed for bankruptcy on May 29, 1997, which "would stay the present proceedings." (Pl.'s Br. in Supp. of Mot. for Reconsideration at 5.) According to plaintiff, his bankruptcy petition has resulted in the government's levy/lien against him being "suspended," making his complaint "unnecessary." *Id.* at 5–6. Plaintiff argues that for that reason, the Court should now "withdraw" its order dismissing his complaint. Plaintiff would then voluntarily dismiss the action pursuant to Fed.R.Civ.P. 41.

11 U.S.C. § 362(a)(1) imposes an automatic stay of "the commencement or continuation ... of a judicial proceeding against the debtor." As the plain language of the statute indicates, plaintiff's bankruptcy petition did not result in the stay of this action because it was brought by, and not against, the debtor. *See, e.g., Parker v. Bain*, 68 F.3d 1131, 1138 (9th Cir.1995); *Matter of U.S. Abatement Corp.*, 39 F.3d 563, 568 (5th Cir. 1994); *Brown v. Armstrong*, 949 F.2d 1007, 1009–10 (8th Cir.1991); *Martin–Trigona v. Champion Federal Sav. & Loan Ass'n.* 892 F.2d 575, 577–78 (7th Cir.1989); *Carley Capital Group v. Fireman's Fund Ins. Co.*, 889 F.2d 1126, 1126–27 (D.C.Cir.1989); *In re Berry Estates*, 812 F.2d 67, 71 (2d Cir.1987),

*cert. denied,* 484 U.S. 819, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987); *Advanced Computer Services of Michigan, Inc. v. MAI Systems Corp.*, 161 B.R. 771, 775 (E.D.Va.1993); *Mesiti v. Microdot, Inc.*, 156 B.R. 113, 119 n. 5 (D.N.H.1993).

Having rejected plaintiff's arguments for reconsideration of this matter, the Court now turns to the government's motion for sanctions against Elsey. The government believes that it is entitled to sanctions because the claims presented in plaintiff's complaint, as well as the arguments made in plaintiff's motion for reconsideration, were unwarranted by existing law and by a nonfrivolous argument for a change in the law. The government also argues that plaintiff's complaint and motion for reconsideration were filed to harass the government. Rule 11(b) provides in pertinent part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

■ Having reviewed the pleadings and case law relevant to this motion, the Court concludes that while plaintiff's claims were ultimately unsuccessful, they were not so devoid of a basis in law as to be sanctionable.

■ However, the Court finds Elsey's argument regarding plaintiff's bankruptcy petition to be objectionable. Elsey presented no authority for his bald statement that this action had been stayed, and, as the authority cited by the Court *supra* indicates, the law is clear that this action was not stayed. Furthermore, Elsey waited until after the Court

dismissed this action to bring the bankruptcy petition to the Court's attention. Plaintiff filed his bankruptcy petition on May 29, 1997, eight days before the Court issued its Opinion and Order dismissing the instant action. On June 9, 1997, counsel for plaintiff filed a supplementary brief in opposition to the government's motion to dismiss (which he signed on June 6, 1997). In this supplementary brief, Elsey failed to disclose that plaintiff had filed his bankruptcy petition on May 29, 1997, and failed to argue, as he does now, that plaintiff's filing of the bankruptcy petition is a basis for the Court to deny defendants' motion to dismiss. Attorney Elsey obviously had every intention to press his client's cause in this venue, notwithstanding the bankruptcy petition, until Elsey learned that the Court had entered an order granting defendants' motion to dismiss.

The Court is satisfied that by presenting this argument in the motion for reconsideration, attorney Elsey has submitted a pleading which contains a "legal contention" that is not warranted by existing law, and Elsey's failure to include such "legal contention" in the supplemental brief filed on June 9, 1997 suggests to this Court that Elsey did not believe that the filing of a bankruptcy petition by *plaintiff* would warrant a stay of proceedings or otherwise be a basis for denying the government's motion to dismiss.

The Court therefore believes that Elsey's conduct, under the circumstances, warrants the imposition of sanctions.

In determining the type and amount of sanctions that should be imposed, the Court is mindful that it "should not be more severe then reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons." Rule 11 advisory committee's

notes. The Court believes that a $1000 fine payable to the Court would be sufficient to deter Elsey and other lawyers from presenting frivolous arguments to the Court in the future.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for reconsideration is **DENIED**;

**IT IS FURTHER ORDERED** that Robert Elsey shall pay $1000 to the Clerk of the Court within thirty days of the issuance of this Opinion and Order,

**IT IS FURTHER ORDERED** that plaintiff's motion to extend time to file responsive pleadings is **DENIED**.

### *OPINION AND ORDER DENYING ROBERT ELSEY'S MOTION FOR RELIEF FROM JUDGMENT*

This matter is before the Court on attorney Robert Elsey's motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(1) and (6).[1] In this motion, Mr. Elsey seeks to set aside an order in which the Court directed him to pay $1000 in sanctions. In an Opinion and Order dated October 27, 1997, the Court sanctioned Mr. Elsey for making the groundless assertion that this action had been stayed by virtue of his client's (Conrad Miklaski) filing of a bankruptcy petition. The Court also reached the conclusion that Mr. Elsey did not believe that the action was stayed because Miklaski filed the petition on May 29, 1997 and Mr. Elsey failed to mention this petition in a supplemental brief that he filed on June 9, 1997.[2]

Elsey argues that he is entitled to relief from this order because he was not aware that Miklaski had filed for bankruptcy

---

1. Rule 60(b) provides in relevant part,

   On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

2. Elsey asserts, and the Court has no reason to doubt, that he mailed the supplemental brief on June 6, 1997.

until *after* the Court issued its Opinion and Order of June 6, 1997 dismissing this case. Elsey also indicates that he represented to the Court that the action had been stayed by Miklaski's bankruptcy petition because Miklaski's bankruptcy attorney, Robert McClellan, "for a period of time" was under the mistaken belief that the instant action had been initiated by the government. Elsey does not explain what is meant by the phrase "for a period of time." Elsey goes on to state that he "relied upon the comments of the bankruptcy attorney" when he made an "indication" in his brief that the proceedings had been stayed. If these "comments" came in a conversation between Elsey and McClellan, the Court is at a loss to understand why Elsey would not have made it clear to McClellan that Miklaski instituted the proceedings, since obviously Elsey was aware of that fact. In this Court's opinion, Elsey had no right to rely on the "incorrect" information he was purportedly being given by McClellan because Elsey knew that the proceedings had been instituted by Miklaski and Elsey should have known that Miklaski's bankruptcy proceedings would not stay this proceeding. Elsey's explanation for his asserting a meritless claim, i.e., the proceedings should be stayed because of the bankruptcy based "upon the comments of the bankruptcy attorney" fails to persuade this Court that Elsey was justified in asserting such claim.

While the Court accepts as true Mr. Elsey's assertions that he did not know that the bankruptcy petition had been filed and that based on a "misunderstanding" he believed that the petition did in fact stay this action, the Court does not believe that Mr. Elsey is entitled to relief from the sanctions order. Elsey had every opportunity to explain these mitigating factors to the Court prior to the date on which it issued the sanctions order, but he failed to do so.[3] The Court believes that it would be inappropriate to allow Mr. Elsey to do nothing prior to the Court's ruling and then avoid the sanctions by producing "justifications" in this motion. Furthermore, Mr. Elsey's "justifications" do not entitle him to the relief that he seeks. Fed. R.Civ.P. 11(b)(2) authorizes the Court to impose sanctions if an attorney makes an unwarranted legal argument without making a reasonable inquiry. Mr. Elsey's argument that the action was stayed was unwarranted. Even if Mr. McClellan did not have a clear understanding of who initiated the lawsuit, Mr. Elsey was certainly aware that Miklaski initiated the suit. In the Court's opinion, if Mr. Elsey was going to rely on Mr. McClellan's legal opinions, he had a duty to be diligent in informing McClellan of the relevant facts.

Rule 11 is intended to *require* attorneys to make diligent inquiry and refrain from filing pleadings or making claims that lack merit. In this Court's opinion, Elsey should acknowledge and accept his responsibility for violating Rule 11 by asserting a totally meritless claim.[4] Instead, he seems to place the

3. Mr. Elsey also takes issue with the Court's failure to hold a hearing on the motion for sanctions. As discussed in the Opinion and Order of October 27, 1997, Elsey never responded to the government's motion for sanctions, which had been filed on June 27, 1997, despite the fact that Local Rule 7.1 provides that "A respondent opposing a motion shall file a response ... within ten days after service of the motion." The motion for sanctions alerted Elsey to the fact that his claim relating to the bankruptcy stay was totally without merit. Furthermore, Elsey had been notified on June 27, 1994, pursuant to the requirements of Rule 11, that he could avoid sanctions by withdrawing the motion. Despite the fact that Elsey was notified on or about June 27, 1997 that this claim lacked merit, and again was notified when the motion was filed on July 29, 1997 that this claim lacked merit, Elsey did nothing to acknowledge the correctness of defendant's position and withdraw this claim. Elsey faults the court for not scheduling a hearing. Yet he had ample opportunity to withdraw the "meritless" claim and advise the Court of the circumstances which "caused" him to include such claim. The Court recognizes that on October 17, 1997, Elsey filed a motion requesting more time to respond to the motion; however, the Court does not believe that he needed two and a half months to verify the information he received on or about June 27, 1997 pointing out to him that his claim relating to the "bankruptcy stay" was clearly wrong.

4. In the present motion for relief from judgment, Mr. Elsey "concedes" that in his brief he did "note" that the filing of the bankruptcy petition would stay the present Court proceedings and that that was an "equivocation." This choice of words further suggests to this Court Mr. Elsey's hesitancy to admit that he improperly *asserted* a meritless claim. Mr. Elsey did more in his brief

fault with attorney McClellan, whom he suggests gave him incorrect advice, and the Court for not scheduling a hearing.

Defendants had asked for $25,000 for the Rule 11 sanctions. The Court assessed what it believed to be the "minimum" necessary to deter attorney Elsey from participating in unnecessary or unwarranted litigation. Unfortunately, it does not appear that the Court's attempt at deterrence was successful. This motion, in this Court's opinion, was not warranted and certainly contributed to the Court expending additional unnecessary time in conjunction with this lawsuit, which the Court long ago concluded should be dismissed.

Accordingly,

**IT IS ORDERED** that Robert Elsey's motion for relief from judgment is **DENIED.**

than "note" that the filing of the bankruptcy petition would stay the proceedings; he requested the Court to set aside the Court Order granting defendants' motion to dismiss, "for the reason that the Plaintiff has filed a [petition in bankruptcy]" and "said Petition would stay the proceedings herein." It is difficult to understand how Mr. Elsey categorizes that statement as an "equivocation."